**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **LAURA BURKS,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **v.** | * | **Civil Action: 1:20-CV-69.** |
| | * | |
| **COASTAL ALABAMA COMMUNITY** | * | <u>**JURY TRIAL DEMANDED**</u> |
| **COLLEGE,** | * | |
| | * | |
| **Defendant.** | * | |

<u>**COMPLAINT**</u>

COMES NOW, Plaintiff, Laura Burks, by and through undersigned counsel, and for her Complaint against the Defendant Coastal Alabama Community College alleges as follows:

<u>**Nature of Action**</u>

1.      This is a civil action for damages and other relief against Defendant Coastal Alabama Community College under the Rehabilitation Act of 1973, 29 U.S.C. § 701, *et seq.*, and under Section 504, 29 U.S.C. § 794, in particular, the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA"), the Family Medical Leave Act of 1993, 29 U.S.C. § 2601, *et seq.* ("FMLA"), and the First and Fourteenth Amendments to the U.S. Constitution, 42 U.S. Code § 1983 and 1988.  Plaintiff has been affected by discrimination and retaliation alleged in the claims set forth below and seeks permanent relief, including reinstatement, from the unlawful discriminatory practices involving the terms and conditions of her employment  by the Defendant.

2.      The Rehabilitation Act and the Americans with Disabilities Act expressly prohibit discrimination in employment on the basis of disability.  *See* 29 U.S.C. § 791, *et seq.*; 42 U.S.C. § 12101, *et seq.*  Under the Rehabilitation Act, government entities such as Coastal Alabama

Community College cannot discriminate or retaliate against individuals because they have a disability. Further, the Family Medical Leave Act of 1993, 29 U.S.C. § 2601, *et seq.* prohibits interference and retaliation for individuals who take protected medical leave. The United States Constitution prohibits violations of an individual's civil rights with § 1983 providing an avenue for enforcement.

<u>**Jurisdiction and Venue**</u>

3.      The parties to this action reside in and/or are located in and do business within the jurisdiction of this Court. This Court has jurisdiction under 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) and (2).

4.      The Defendant is located, doing business within this judicial district and division, and accepts federal money. This action is brought within the judicial district wherein the unlawful employment practices were committed, making venue proper under 42 U.S.C. §12101, *et seq.*, 29 U.S.C. §2601*, et seq.*, 42 U.S.C. §2000e, *et seq.*, 28 U.S.C. §1391, and 29 U.S.C. § 791, 793, and 794.

5.      Plaintiff timely filed a charge of disability and family medical leave discrimination with the Equal Employment Opportunity Commission on April 25, 2019, and was issued a Right to Sue Letter on November 8, 2019. [Attached herewith as Exhibits A and B]. Plaintiff timely files this action within ninety days of receipt of her Notice of Right to Sue. Plaintiff has fulfilled all other administrative prerequisites to the filing of this action.

6.      Plaintiff timely filed a second charge of disability discrimination with the Equal Employment Opportunity Commission on January 8, 2020, and was issued a Right to Sue Letter on January 24, 2020. [Attached herewith as Exhibits C and D]. Plaintiff timely files this action

within ninety days of receipt of her Notice of Right to Sue.  Plaintiff has fulfilled all other administrative prerequisites to the filing of this action.

## Parties

7.     Plaintiff Laura Burks ("Ms. Burks") is an adult female resident of Baldwin County, Alabama and of this judicial district.  Plaintiff was employed by the Defendant, and its predecessor college Faulkner State Community College, at all material times hereto.  Plaintiff suffers from Post-Traumatic Stress Disorder ("PTSD") following the suicide of her only child in 2017.  Plaintiff requested reasonable accommodations for her medical disability and had to take leave related to it.  As such, Plaintiff was an "employee" of the Defendant within the meaning of the ADA and FMLA and a protected "individual" for purposes of the Rehabilitation Act and § 1983 anti-retaliation protections.

8.     Defendant Coastal Alabama Community College ("the College") is located in the Southern Division of the Southern District of Alabama and is a governmental entity for purpose of 42 U.S.C. § 1983 and 42 U.S.C. § 1988.  The College receives federal financial assistance and employs at least fifty (50) persons, and otherwise meets the jurisdictional prerequisites of the ADA, FMLA and Rehabilitation Act.

## Factual Allegations Common to All Counts

9.     Plaintiff realleges and incorporates by reference paragraphs 1 through 8 above with the same force and effect as if fully set out in specific detail herein.

10.     Ms. Burks is a forty-eight year old female.  Ms. Burks began working at Faulkner State Community College in January of 1993 and worked almost exclusively in the College's Human Resources office, working her way up to the position of Director of Human Resources.

11.     In the fall of 2016, the decision was made to consolidate two other community colleges into Faulkner State Community College, and to call it Coastal Alabama Community College.  The new Coastal Alabama Community College continued under the leadership of Faulkner State's president, Dr. Gary Branch, and the other senior administrators of Faulkner State.  Upon the consolidation of the colleges on January 11, 2017, Ms. Burks was named Vice President of Human Resources.

12.     The newly consolidated College's Human Resource Department consisted of one person: Laura Burks.  The former leaders of the human resources offices at the other two colleges either retired or were reassigned to other positions at the College.  Laura Burks was solely responsible for human resources for the entire College, and what was previously three separate colleges.  In addition to operating the Human Resources Department, she was also responsible for consolidating the three former college's records and systems into a single department.  She was provided little assistance and no full time staff.

13.     On November 22, 2017, Ms. Burks only child committed suicide.  Ms. Burks, a solo-parent, found her body.

14.     Ms. Burks soon thereafter began to experience medical problems and sought medical attention.  Her condition deteriorated and she was diagnosed with PTSD.  She requested workplace accommodations from the College's ADA Compliance Officer, Dr. Brenda Kennedy, and from the College's President, Dr. Gary Branch.  The accommodations requested included a modified work schedule, medical leave, additional staff assigned to her office, and assistance from other staff.

15.     Some minor accommodations were made, but Ms. Burks was still expected to complete the tasks necessary to operate the newly consolidated department and to combine the

human resources offices from the three former colleges.  No full time employees were hired nor were any staff permanently assigned to her office.

16.     It was widely known at the College that Ms. Burks had lost her daughter and that she was suffering with a serious mental illness.

17.     Following the retirement of President Branch, the College was under the direction of Jimmy Baker ("Baker"), Chancellor of the Alabama Community College System ("ACCS"). He appointed a revolving door of "acting" and "interim" presidents to carry out his instructions for and direction of the College.

18.     On October 1, 2018, Jeff Rhodes ("Rhodes") became the Acting President of the College.

19.     Baker created a "peer review team" to review operations at the College.  Three people were assigned to the *peer* review team that reviewed Ms. Burks' Human Resource Department: Ms. Windy Bitzer ("Bitzer"), an attorney for the College; Ms. Michelle Sylvester ("Sylvester"), an ACCS employee and attorney from Montgomery; and Ms. Brooke Strickland ("Strickland"), an employee of Wallace Community College in Dothan Alabama.

20.     On or about October 3, 2018, Sylvester assigned Ms. Burks additional duties such as moving files and large boxes and moving office equipment.  These duties were outside of her job description and had previously been performed by the College's maintenance department. Additionally, the peer review team made several inspections of the Ms. Burks' department to harass, intimidate, and bully Ms. Burks.  Due to her medical condition, she was physically unable to complete some tasks and meet the demands of their inspections.  This harassing and unlawful treatment of Ms. Burks exacerbated her disability, causing increased anxiety, panic attacks, loss of appetite, loss of sleep, and nightmares.

21.     Ms. Burks submitted weekly reports to Acting President Rhodes indicating her medical needs and advising him of the discrimination that she was facing because of her disability.  Beginning October 15, 2018, Ms. Burks made several attempts to meet with Rhodes to discuss her needed accommodations and the exacerbated symptoms of her disability.  Mr. Rhodes scheduled and then canceled several meetings with Ms. Burks, and failed entirely to discuss with her any of her requested accommodations.

22.     The College failed to investigate Ms. Burks' allegations of discrimination. Instead, it further retaliated against her.

23.     On or about October 22, 2018, Sylvester again assigned additional duties to Ms. Burks outside of her job description such as moving heavy files, large boxes, and office equipment.  Ms. Burks did her best to comply with Sylvester's demands, working to the point of physical harm and exhaustion.

24.     The maintenance staff and other employees were counseled not to assist Ms. Burks in moving the files, large boxes, and office equipment.

25.     On October 23, 2018, Ms. Burks notified Bitzer and Sylvester that her condition had worsened as a result of the College's, and specifically Sylvester's, demands.  Ms. Burks notified Bitzer and Sylvester that she required medical intervention and immediately left the College for an emergency medical visit.  Ms. Burks' condition and physical appearance had deteriorated so much that as she was leaving the College that day, Ms. Patty Hughston, the College's Vice President of Instructional Services, made a derogatory comment about Ms. Burks' physical appearance.

26.     On October 30, 2018, Ms. Burks was finally able to meet with Acting President Rhodes to discuss the continuing need for accommodations.  Before she was able to address her

6

continuing need for accommodations and leave, Rhodes told her that he intended to terminate her from the College and threatened interference in her search for future employment.

27.     Rhodes formerly notified Ms. Burks that she was being terminated with a letter dated November 6, 2018.

28.     However, because of confusion on the State law governing Ms. Burks' employment, Ms. Burks was placed on paid administrative leave, a policy consistent with Alabama's Students First Act, Code of Alabama § 16-24C-1, *et seq.*

29.     Ms. Burks remained on paid administrative leave until being place on FMLA leave on February 21, 2019, with her pay coming from accrued personal days.  The College later indicated to Ms. Burks that the leave retroactively began on February 1, 2019.  She remained on FMLA leave until April, when she was again placed back on paid administrative leave.  She remained on paid administrative leave until October 24, 2019.

30.     On or about May 24, 2019, Ms. Burks received a letter from Sylvester indicating that Ms. Burks was being terminated under Alabama's Students First Act, Code of Alabama § 16-24C-1, *et seq.*  [Attached herewith as Exhibit E].

31.     The allegations on which the College based its recommendation for termination can be narrowed down to two points: (1) the College believed that Ms. Burks fraudulently altered a single document; and (2) she failed to perform her job duties properly.

32.     Consistent with the Students First Act, Ms. Burks contested her termination and was granted a hearing.

33.     Initially, the hearing officer was to have been Ms. Patty Hughston, who was then acting as the College's Interim President.  However, on June 10, 2019, she recused herself.

34.     Baker hand-picked the president of another community college to serve as the acting president of the College just for the matter of Ms. Burks' termination.  Baker selected Keith Brown ("Brown"), the President of Jefferson State Community College.

35.     Brown convened a hearing, and a month later issued his decision.  [Attached herewith as Exhibit F].

36.     At the hearing, Brown indicated shock at the process of Ms. Burks being placed on administrative leave, before being placed on FMLA leave, and then being taken off of FMLA leave and again placed on administrative leave.  Nonetheless, Brown terminated Ms. Burks' employment with the College.

37.     Brown failed to accept that President Branch, who was Ms. Burks's supervisor at the time, directed Ms. Burks to make the change to the allegedly fraudulently altered document. Both Burks and Branch testified to this.

38.     Brown also failed to accept that the alleged deficiencies in Ms. Burks' performance were a direct result of Ms. Burks' disability and the College's failure to provide accommodations or the necessary assistance.  Ms. Burks was a disabled employee required to perform the job duties that had previously been performed by no less than three employees. Testimony at the hearing indicated that there were no issues with the files in Ms. Burks' department prior to the consolidation and prior to her suffering from a disability, namely PTSD as a result of the death of her daughter.

39.     The College has as much admitted that Ms. Burks' Human Resources Department was woefully understaffed with Ms. Burks as a single employee.  It has since posted vacancies for at least nine positions in the Department.  [Attached herewith as Exhibit G].

40.     The Rehabilitation Act is a federal statute which ensures that no otherwise qualified individual with a disability shall, solely by reason of her/his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving federal financial assistance.  The term "program or activity" includes "all of the operations of…a college, university, or other postsecondary institution, or a public system of higher education…which is principally engaged in the business of providing education."  29 U.S.C. 794(b)(2)(A), (B), and (b)(3)(A)(ii).

41.     42 U.S.C. § 1983 makes civilly liable any person who, under color of state, subjects, or causes to be subjected, any citizen of the United State to the deprivation of any rights, privileges, or immunities secured by the Constitution.

42.     Ms. Burks was at all times material to this lawsuit a disabled individual under the ADA and the Rehabilitation Act.  Ms. Burks suffers from Post-Traumatic Stress Disorder, a mental health condition causing a physical or mental impairment that substantially limits one or more major life activities.

43.     The College intentionally, willfully, and maliciously discriminated and retaliated against Ms. Burks by failing to provide her accommodation and by terminating her because of her disability.  The College was aware of Ms. Burks' disability and yet continued to place more and more duties on her without providing her the necessary assistance to perform those duties and without providing her with any accommodations.  Alternatively, and/or additionally, Ms. Burks was terminated because she sought those accommodations and advocated for herself to obtain them.  Further, Ms. Burks was discriminated and retaliated against by being terminated because of alleged issues with her job performance directly related to her disability and because she sought leave related to that disability.

44.     As a proximate cause of the wrongful acts of Defendant, Plaintiff Burks avers she has suffered, and will continue to suffer, economic losses, lost wages, income, mental anguish and other compensatory damages.  The Plaintiff has suffered, and will continue to suffer, humiliation and mental distress as a result of the College's behavior towards her.  She has suffered, and will continue to suffer, mental anguish and lost income from the loss of her job including loss of benefits, retirement credit, and wages.  She has suffered, and will continue to suffer, lost professional reputation, consequential damages and other economic losses due to said actions of the College.  The College's actions have caused, and will continue to cause, substantial pecuniary, economic, and monetary losses, loss of enjoyment of life, and other non-pecuniary losses.

45.     The Defendant's actions were committed negligently, intentionally, knowingly, maliciously, in bad faith, and/or with reckless disregard for Plaintiff's state and federally protected rights.

## COUNT ONE:
## DISCRIMINATION UNDER THE REHABILITATION ACT OF 1973

46.     Plaintiff realleges and incorporates by reference paragraphs 1 through 45 above with the same force and effect as if fully set out in specific detail herein.

47.     The Rehabilitation Act, as amended, protects qualified individuals with disabilities from discrimination in programs and activities receiving federal financial assistance.

48.     As a result of the College's actions, alleged herein, it has intentionally and in bad faith, with gross misjudgment or deliberate indifference, denied Plaintiff federally protected rights under the Rehabilitation Act; specifically, when Plaintiff was denied accommodations for her disability and was terminated because of alleged performance issues related to her disability.

Said actions were intentional and either in bad faith, with gross misjudgment, and/or done with reckless disregard of the Plaintiff's federally protected rights.

49.     As a proximate cause of the wrongful acts of the College, Plaintiff avers that she has suffered and will continue to suffer, economic losses, lost wages, income, mental anguish and other compensatory damages.  The Plaintiff has suffered, and will continue to suffer, humiliation and mental distress as a result of the College's behavior towards her.  She has suffered, and will continue to suffer, mental anguish and lost income from the loss of her job including loss of benefits, retirement credit, and wages.  She has suffered, and will continue to suffer, lost professional reputation, consequential damages and other economic losses due to said actions of the College.  The College's actions have caused, and will continue to cause, substantial pecuniary, economic, and monetary losses, loss of enjoyment of life, and other non-pecuniary losses.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands the following relief:

(a)  Declaratory judgment that Defendant violated Ms. Burks' rights provided to her by the Rehabilitation Act of 1973;

(b)  Damages for pecuniary losses suffered by Ms. Burks, including compensatory damages for loss of wages, loss of benefits, mental anguish, emotional distress and embarrassment, back pay, and front pay, together with prejudgment interest at the prevailing rate, in an amount justified by the evidence adduced at trial;

(c)  Liquidated damages in an amount equal to the damages awarded in accordance with the immediately preceding request;

(d)  Punitive damages to deter conduct in the future;

11

(e)  Reinstatement to the same or similar position;

(f)  Reasonable attorneys' fees and costs of suit incurred herein; and

(g)  Such other and further relief as the Court deems equitable and proper.

## COUNT TWO:
## RETALIATION UNDER THE REHABILITATION ACT OF 1973

50.     Plaintiff realleges and incorporates by reference paragraphs 1 through 45 above with the same force and effect as if fully set out in specific detail herein.

51.     The Rehabilitation Act contains an anti-retaliation provision protecting an individual exercising their rights.

52.     The College has violated the Rehabilitation Act and its supporting regulations, as a result of the College's intentional retaliation when the Plaintiff was terminated for requesting accommodations related to her disability and for complaining about her treatment by College employees related to her disability.  Said actions were intentional and either in bad faith, with gross misjudgment, and/or done with reckless disregard of the Plaintiff's federally protected rights.

53.     As a proximate cause of the wrongful acts of the College, Plaintiff avers that she has suffered and will continue to suffer, economic losses, lost wages, income, mental anguish and other compensatory damages.  The Plaintiff has suffered, and will continue to suffer, humiliation and mental distress as a result of the College's behavior towards her.  She has suffered, and will continue to suffer, mental anguish and lost income from the loss of her job including loss of benefits, retirement credit, and wages.  She has suffered, and will continue to suffer, lost professional reputation, consequential damages and other economic losses due to said actions of the College.  The College's actions have caused, and will continue to cause,

substantial pecuniary, economic, and monetary losses, loss of enjoyment of life, and other non-pecuniary losses.

54. As a direct and proximate result of Defendant's violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12102, *et seq.* and the Rehabilitation Act of 1973, 29 USCS § 794, as hereto described, Plaintiff has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of her employment relationship with the Defendant, and as thereby incurred, and will continue to incur, legal fees, and costs, the nature and extent of which are presently unknown. Plaintiff will therefore seek leave of Court to amend this Complaint in that regard when the same shall be fully and finally ascertained.

55. Under the Rehabilitation Act of 1973, 29 USCS § 794, Defendant is liable to Plaintiff in the amount of unpaid wages, and in an additional equal amount as liquidated damages, as well as reasonable attorneys' fees, and costs.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands the following relief:

(a) Declaratory judgment that Defendant violated Ms. Burks' rights provided to her by the Rehabilitation Act of 1973;

(b) Damages for pecuniary losses suffered by Ms. Burks, including compensatory damages for loss of wages, loss of benefits, mental anguish, emotional distress and embarrassment, back pay, and front pay, together with prejudgment interest at the prevailing rate, in an amount justified by the evidence adduced at trial;

(c) Liquidated damages in an amount equal to the damages awarded in accordance with the immediately preceding request;

(d) Punitive damages to deter conduct in the future;

(e)  Reinstatement to the same or similar position;

(f)  Reasonable attorneys' fees and costs of suit incurred herein; and

(g)  Such other and further relief as the Court deems equitable and proper.

## COUNT THREE:
## AMERICANS WITH DISABILITIES ACT OF 1990

56.     Plaintiff realleges and incorporates by reference paragraphs 1 through 45 above with the same force and effect as if fully set out in specific detail herein.

57.     This is a civil action for damages against the Defendant for violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12102, *et seq*.

58.     Defendants are "employers" within the meaning of the ADA.

59.     Defendants were aware of the need for accommodations.  Defendants had provided some accommodations to Plaintiff, but following a leadership change, failed to provided accommodations and terminated Plaintiff's employment.

60.     Defendant caused or attempted to cause, or contributed to, or caused the continuation of, the discrimination based on a medical condition in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12102, *et seq*.

61.     As a result of discrimination, Plaintiff was caused to be injured and damaged; to have her career significantly and adversely impacted; to forgo compensation and benefits; future pecuniary losses; and to endure mental anguish, emotional distress, physical harm, humiliation, shame, and embarrassment.

62.     As a direct and proximate cause of Defendant's violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12102, *et seq*. and/or Defendant's willful, knowing, and intentional discrimination against her, Plaintiff has suffered and continues to suffer emotional

distress; she has suffered and will continue to suffer a loss of earnings, loss of ability to earn money, and other employment benefits and job opportunities.  The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

63.     As a direct and proximate result of Defendant's violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12102, *et seq.* and the Rehabilitation Act of 1973, 29 USCS § 794, as hereto described, Plaintiff has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of her employment relationship with the Defendant, and as thereby incurred, and will continue to incur, legal fees and costs, the nature and extent of which are presently unknown.  Plaintiff will therefore seek leave of Court to amend this Complaint in that regard when the same shall be fully and finally ascertained.

64.     Under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12102, *et seq.*, specifically §§ 12205 and 12771(a), Defendant is liable to Plaintiff in the amount of unpaid wages, and in an additional equal amount as liquidated damages, as well as reasonable attorneys' fees, and costs, and any and all relief permitted under the ADA, including equitable relief.

65.     Plaintiff has satisfied all administrative prerequisites to bringing this claim.

66.     Plaintiff has retained the undersigned counsel to bring this action and has agreed to pay him a reasonable fee for his services.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands the following relief:

(a)  Declaratory judgment that Defendant violated Ms. Burks' rights provided to her by the Americans with Disabilities Act of 1990;

(b)  Damages for pecuniary losses suffered by Ms. Burks, including compensatory damages for loss of wages, loss of benefits, mental anguish, emotional distress and embarrassment, back pay, and front pay, together with prejudgment

interest at the prevailing rate, in an amount justified by the evidence adduced

at trial;

(c) Liquidated damages in an amount equal to the damages awarded in

accordance with the immediately preceding request;

(d) Punitive damages to deter conduct in the future;

(e) Reinstatement to the same or similar position;

(f) Reasonable attorneys' fees and costs of suit incurred herein; and

(g) Such other and further relief as the Court deems equitable and proper.

<u>COUNT FOUR:</u>
<u>FAMILY AND MEDICAL LEAVE ACT OF 1993:</u>
<u>INTERFERENCE AND RETALIATION</u>

67.     Plaintiff realleges and incorporates by reference paragraphs 1 through 45 above

with the same force and effect as if fully set out in specific detail herein.

68.     Ms. Burks was denied full benefits and rights under the FMLA in that she was

initially told that she was being terminated after requesting leave and then for being terminated

from her job as a result of taking leave to which she was entitled under the FMLA for her own

medical needs, for the care and treatment related to mental and physical condition.  Prior to the

termination, Ms. Burks was retaliated against by being treated differently, being harassed and

subjected to a hostile environment by her supervisors and other coworkers and being assigned

unrelated job duties that were beyond her physical ability.  Defendant's actions were taken

willfully and with malice or reckless indifference to the federally-protected rights of the Plaintiff.

69.     Defendant interfered with Ms. Burks' exercise of rights protected by the FMLA.

70.     Defendant retaliated against Ms. Burks for the exercise of her rights protected by

the FMLA.

16

71.     As a direct and proximate result of the foregoing, Ms. Burks was caused to be injured and damaged; to have her career significantly and adversely impacted; to forgo compensation and benefits; to suffer future pecuniary losses; and to endure mental anguish, emotional distress, humiliation, shame, and embarrassment.

72.     Defendant's violation of Ms. Burks' rights protected under the FMLA was not in good faith as defined by the FMLA, and Defendant did not have reasonable grounds for believing that their acts and omissions did not violate Ms. Burks' rights under the FMLA.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands the following relief:

(a) Declaratory judgment that Defendant violated Ms. Burks' rights provided to her by the Family and Medical Leave Act of 1993;

(b) Damages for pecuniary losses suffered by Ms. Burks, including lost wages, earnings, benefits, back pay, and front pay, together with prejudgment interest at the prevailing rate, in an amount justified by the evidence adduced at trial;

(c) Liquidated damages in an amount equal to the damages awarded in accordance with the immediately preceding request;

(d) Reinstatement to the same or similar position;

(e) Reasonable attorneys' fees and costs of suit incurred herein; and

(f) Such other and further relief as the Court deems equitable and proper.

## COUNT FIVE:
## 42 U.S.C. § 1983, FOURTEENTH AND FIRST AMENDMENTS

73.     Plaintiff realleges and incorporates by reference paragraphs 1 through 72 above with the same force and effect as if fully set out in specific detail herein.

74.     Under the Equal Protection clause of the Fourteenth Amendment of the United States Constitution, Plaintiff had a right in her employment with the College to be free of disability discrimination and retaliation for opposing disability discrimination.  She had a right under the First Amendment of the United States Constitution to freedom of speech and to petition the government for redress of grievances.  As a result of the College's actions, alleged herein, the College has violated the U.S. Constitutional Equal Protection rights of the Plaintiff, her U.S. Constitutional rights to freedom of speech, to petition for redress of grievances, and/or her federal statutory rights, which were clearly established at the time the action was taken and/or of which no reasonable person could have failed to appreciate that the conduct would violate these rights, under 42 U.S.C. § 1983.

75.     The College discriminated and retaliated against the Plaintiff in that they terminated her employment for seeking accommodations for her disability and for advocating on her own behalf to receive accommodations and/or services for her disability as required by the Rehabilitation Act and by law.  Further, for the same reasons, Plaintiff was retaliated against by being treated differently because of her disability and by being terminated because of her disability.  She further was retaliated against by the College in her demand to be reinstated to employment at the College.

76.     The System and/or the Superintendent, under the color of state law, in violation of 42 U.S.C. § 1983, purposefully deprived Plaintiff of clearly established federal statutory and constitutional rights by subjecting her to intentional and unlawful discriminatory and/or retaliatory practices based upon her disability and/or her advocacy for herself as described herein; specifically, through the termination of Plaintiff and the College's refusal to reinstate her.

18

77.     During the relevant period of time that the Plaintiff was an employee of the

College, Plaintiff was treated differently than similarly situated employees who are not disabled

and who have not advocated on behalf of themselves related to their disability.  Said treatment of

Plaintiff concerned her termination and the refusal to reinstate Plaintiff, which violated her rights

guaranteed to her under the Fourteenth Amendment of the United States Constitution, 42 U.S.C.

§ 1983.

78.     Plaintiff alleges that the actions of said Defendants in violating her rights under

the Fourteenth Amendment of the United States Constitution and in violating 42 U.S.C. §1983

are official customs and practices of said Defendant.  Defendant's discriminatory acts against

Plaintiff were willful, intentional, deliberate, malicious, and in bad faith.  Defendant's

discriminating acts were carried out by final policy and decision makers or based upon a

retaliation by final decision and policy makers.

79.     Defendant violated Plaintiff's First Amendment rights when Defendant retaliated

against Plaintiff for requesting accommodations; and/or advocating on behalf of herself related to

her disability; and/or exercising protected speech rights; and/or opposing discriminatory

practices.  Plaintiff's speech falls within the category of  speech that is protected by the First

Amendment of the United States Constitution.  Plaintiff's speech may be "fairly characterized as

constituting speech on a matter of public concern."  *J.R. Bryson v. City of Waycross*, 888 F.2d

1562, 1565 (11th Cir. 1989).  Further, said conduct by the College violated Plaintiff's First

Amendment right to freedom to petition the government for redress of grievances.

80.     As a proximate cause of the wrongful acts of Defendant, Plaintiff avers she has

suffered, and will continue to suffer, economic losses, lost wages and income, mental anguish

and other compensatory damages.  The Plaintiff  has suffered, and will continue to suffer,

humiliation and mental distress as a result of the College's behavior toward her.  She has suffered, and will continue to suffer, mental anguish and lost income from the loss of her job including loss of benefits, retirement credit, and wages.  She has suffered, and will continue to suffer, lost professional reputation, consequential damages and other economic losses due to said actions of the College.  The College's actions have caused, and will continue to cause, substantial pecuniary, economic, and monetary losses, loss of enjoyment of life and other non-pecuniary losses.

81.     The College acted with reckless and deliberate indifference to the Plaintiff's rights when making governmental decisions which deprived the Plaintiff of her property interest.

82.     The College acted under color of state law.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands the following relief:

(a)  Declaratory judgment that Defendant violated Ms. Burks' constitutional rights;

(b)  Damages for pecuniary losses suffered by Ms. Burks, including lost wages, earnings, benefits, back pay, and front pay, together with prejudgment interest at the prevailing rate, in an amount justified by the evidence adduced at trial;

(c)  Liquidated damages in an amount equal to the damages awarded in accordance with the immediately preceding request;

(d)  Reinstatement to the same or similar position;

(e)  Reasonable attorneys' fees and costs of suit incurred herein; and

(f)  Such other and further relief as the Court deems equitable and proper.

**PLAINTIFF DEMANDS TRIAL BY A STRUCK JURY ON ALL CLAIMS SO TRIABLE.**

Respectfully submitted this 6th day of February, 2020.

/s/ Thomas M. Loper
Thomas M. Loper
ASB #: 8947-O57L

LOPER LAW LLC
452 Government Street, Suite E
Mobile, AL 36602
Phone: (251) 288-8308
tloper@loperlawllc.com

*Attorney for Plaintiff*

**<u>Please Serve Defendants via Certified Mail Return Receipt Requested as Follows:</u>**

Coastal Alabama Community College
1900 U.S. Highway 31 South
Bay Minette, AL 36507

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

Charge Presented To:
☐ FEPA
☑ EEOC

Agency(ies) Charge No(s):

_____ and EEOC

State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| LAura BUrks | 251.591.9344 | 1/11/72 |

Street Address: 35405 Pine Road South
City, State, and ZIP Code: Stapleton AL 36578

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two are named, list under PARTICULARS below.)

| Name | No. of Employees | Phone No. (Incl. Area Code) |
|---|---|---|
| Coastal Alabama Community College | 201-500 | 800-381-3722 |

Street Address: 1900 US Highway 31 South
City, State, and ZIP Code: Bay Minette, AL 36507

| Name | No. of Employees | Phone No. (Incl. Area Code) |
|---|---|---|
| | | |

Street Address: 
City, State, and ZIP Code: 

DISCRIMINATION BASED ON (Check appropriate box(es))
☐ RACE   ☐ COLOR   ☐ AGE   ☑ RELIGION
☐ NATIONAL ORIGIN   ☐ GENETIC INFORMATION   ☑ DISABILITY
☑ OTHER (Specify)   FMLA

DATE(S) DISCRIMINATION TOOK PLACE
Earliest _____ Latest _____

☑ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

See attached Exhibit A.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY — When necessary for State or Local Agency Requirements.

I declare under penalty of perjury that the above is true and correct.

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

4-25-19          _Laura Burks_
Date          Charging Party Signature

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)

EXHIBIT
A
ALL-STATE LEGAL®

## EXHIBIT A

I.    I was hired by Coastal Alabama Community College f/k/a Faulkner Community College (College) in January of 1993, as a Human Resource Officer. I was promoted to the position of Vice President of Human Resource in January of 2017, and at all times relevant to this charge was classified in said position.

II.    I am a qualified individual with a disability under the Americans with Disability Act (ADA) in that I can perform the essential function of the position of Vice President of Human Resources either with or without accommodation.

III.    On November 22, 2017, my only daughter committed suicide requiring me to take leave of absence from work. I returned one week later, on or about December 1, 2017.

IV.    I began to experience medical problems and sought medical treatment and therapy for my medical condition. My condition, however, became worse which was evident and known to my supervisors, co-workers, and others who had contact with me. I continued to report to work and to perform my duties satisfactorily either with or without accommodations.

V.    On or about September 4, 2018, my direct supervisor, Gary Branch (Dr. Branch), resigned his position as President of Alabama Coastal Community College. Dr. Branch's last day at work was September 30, 2018. From October 1, 2018 through November 2018, Jeff Rhodes was assigned by the Chancellor of the System to perform the duties of Acting President. November 2018, Patty Hughston (hereinafter "Hughston") was appointed as the Interim President of the College and became my direct supervisor.

VI.    Upon information and belief, Hughston stated if she was appointed President I would be "the first to go" because I had discovered that she falsified her academic credentials and told her that I had to remove them from the College Catalog.

VII.    On or about October 1, 2018, I advised the Alabama Community College System representatives, Wendy Bitzer (Bitzer) and Michelle Dexter Sylvester (Sylvester), that I was experiencing medical problems and was seeking medical treatment and therapy for my medical condition and/or disability.

VIII.    On or about October 3, 2018, I was assigned additional duties including, but not limited to, moving files, large moving boxes and office equipment. The assignment of these additional duties was outside my job description as the College historically assigned maintenance to perform these duties. I was also treated in a very hostile and abusive manner.

IX.   The implementation of these additional duties interfered with my ability to perform my assigned job duties, created a physical and emotional strain on me, and was hostile. I believe that the hostility was directed towards me because of my medical condition and that the additional physical tasks were an effort by my supervisors to force me to resign my position as Vice President of Human Resources.

X.    On or about January 2018, I requested accommodations in the workplace with the ADA Compliance Officer, Dr. Brenda Kennedy (Dr. Kennedy), and then President, Gary Branch. The accommodations requested including, but not limited to, reduced work hours, medical leave, and/or assistance from other staff members due to the increase workload as a result of the consolidation and restructuring of the College were addressed with both Dr. Kennedy and Dr. Branch.

XI.   The college failed and/or refused to interface with me regarding my request for accommodations and failed and/or refused to provide me with accommodations in the workplace.

XII.  Beginning October 15, 2018, I attempted on several occasions to meet with Jeff Rhodes, the Interim President of the College, (hereinafter "Rhodes") to discuss my request for FMLA and/or protected medical leave for a serious health condition. Baker's assistant, Sara Davis, as well as other supervisors, employees and representatives of the College were informed of the purpose of my requested meeting with Rhodes. Upon information and belief, Rhodes was advised of the reason for my requested conferences and my intention to seek FMLA and/or protected medical leave because of my serious medical condition and/or disability.

XIII. Rhodes failed and/or refused to meet with me regarding my medical leave request and cancelled several meetings with me.

XIV.  On or about October 22, 2018, I was assigned additional duties including, but not limited to, moving additional files, moving heavy, large boxes, and office equipment. The assignment of these additional duties and physical tasks was outside my job description and the maintenance staff who typically performs these duties would not respond to my requests for assistance. I was treated in a very hostile and physically and mentally abusive manner.

XV.   Upon information and belief, maintenance staff and other employees were threatened to be fired if they provided any assistance or communicated with me. I believe that the additional physical tasks and threatening employment termination of other personnel if they helped me were efforts by my supervisors to isolate, manipulate, and force me to resign my position as Vice President of Human Resources.

XVI.    On or about October 23, 2018, I advised the system representatives, Bitzer and Sylvester, that my serious health condition, and/or disability, and medical problems had become much worse, I "was not able to continue" to perform the physical tasks assigned to me by the system representatives, and taking sick leave to seek immediate medical attention, and was seeking FMLA and/or protected medical leave.

XVII.   I was finally able to schedule a conference with Rhodes, Acting President, and met with him on October 30, 2018. Before I had an opportunity to formerly request protected medical leave, Acting President Rhodes noticed my proposed termination of employment and I was escorted off the premises. Brenda Kennedy, Executive Vice President of the College and Compliance Officer, was informed and was aware of my scheduled meeting with Rhodes and my requests to take FMLA leave.

XVIII.  I am currently on my earned sick leave and have not received a medical release. However, I have received notification that my employment will be terminated on April 26, 2019, prior to expiration of my doctor's requested FMLA leave period and prior to receiving a medical release.

XIX.    I believe my termination was directly related to my medical condition and disabilities in violation of the Americans with Disability Act and my rights under the Family Medical Leave Act.

XX.     I was treated differently than non-disabled employees in the terms and conditions of my employment including, but not limited to, hostility towards me, discipline, and the assignment of duties not typically assigned to an administrative employee. The abusive actions and hostility directed towards me by the College and its employees and representatives resulted in a discriminatory hostile work environment in violation of the Americans with Disability Act.

XXI.    On or about October 2018, I provided notice to the College of my concerns of discriminatory treatment. The College failed and/or refused to investigate the matter and/or to take corrective action to prevent discriminatory conduct.

XXII.   The College has harassed and discriminated against me as a direct result of my medical condition and disability, failed to interface with me, failed to provide requested accommodations, and terminated my employment in violation of the Americans with Disability Act.

XXIII.   I believe that the hostility and discrimination I received from Bitzer and Sylvester in 2018, was influenced and motivated by Hughston's bias against me because of my refusal to allow her falsified academic credentials remain in the College Catalog. The actions of my supervisors, including Hughston, was hostile and retaliatory and created a hostile, physically and mentally abusive work environment in violation of Title VII.

Case 1:20-cv-00069-KD-C   Document 1   Filed 02/06/20   Page 27 of 79   PageID #: 27

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To:  Laura Burks<br>35405 Pine Road South<br>Stapleton, AL 36578 | From:  Mobile Local Office<br>63 S Royal Street<br>Suite 504<br>Mobile, AL 36602 |

|  | On behalf of person(s) aggrieved whose identity is<br>*CONFIDENTIAL (29 CFR §1601.7(a))* | |
|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 425-2019-00744 | LANEETRA D. HARRIS,<br>Investigator | (251) 690-2583 |

## THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

|   |   |
|---|---|
| [ ] | The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC. |
| [ ] | Your allegations did not involve a disability as defined by the Americans With Disabilities Act. |
| [ ] | The Respondent employs less than the required number of employees or is not otherwise covered by the statutes. |
| [ ] | Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge |
| [X] | The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge. |
| [ ] | The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge. |
| [ ] | Other *(briefly state)* |

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*Erika LaCour*                                    11-8-19

| Enclosures(s) | Erika LaCour,<br>Local Office Director | *(Date Mailed)* |
|---|---|---|

cc:  COASTAL ALABAMA COMMUNITY COLLEGE
c/o Windy Bitzer, Attorney
Post Office Box 123
Mobile, AL 36601

Thomas M. Loper, Esq.
LOPER LAW LLC
452 Government Street
Suite E
Mobile, AL 36602


EXHIBIT
B

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

PRIVATE SUIT RIGHTS    --    **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA),
the Genetic Information Nondiscrimination Act (GINA), or the Age
Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within
90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-
day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to
consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell
him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely
manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *mailed* **to you** (as
indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate
State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide
after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short
statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of
your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the
charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include
any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters
alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in
some cases can be brought where relevant employment records are kept, where the employment would have
been, or where the respondent has its main office. If you have simple questions, you usually can get answers from
the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint
or make legal strategy decisions for you.

PRIVATE SUIT RIGHTS    --    **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back
pay due for violations that occurred **more than** **2 years (3 years)** **before you file suit** may not be collectible. For
example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit
before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA
suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above.
Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA
claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

ATTORNEY REPRESENTATION    --    **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction
in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be
made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your
efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above,
because such requests do not relieve you of the requirement to bring suit within 90 days.

ATTORNEY REFERRAL AND EEOC ASSISTANCE    --    **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any
questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to
inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide
your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files
are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge
file, **please make your review request** **within 6 months** of this Notice. (Before filing suit, any request should be
made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):** The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

**If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.**

**"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):**

➢ **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.

➢ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions,** such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.

➢ **Only one** major life activity need be substantially limited.

➢ With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.

➢ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active.**

➢ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months.**

**"Regarded as" coverage:**

➢ An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

➢ **"Regarded as"** coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.

➢ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.

➢ A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| AGENCY | | CHARGE NUMBER |
|---|---|---|
| | FEPA | |
| X | EEOC | |

| | | | and EEOC |
|---|---|---|---|
| | State or local Agency, if any | | |

| NAME(Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) |
|---|---|
| Ms. Laura Burks | (251) 591-9344 |

| STREET ADDRESS          CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|
| 35405 Pine Road South; Stapleton, AL 36578 | 1/11/72 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| Coastal Alabama Community College | 201-500 | 800-381-3722 |

| STREET ADDRESS          CITY, STATE AND ZIP CODE | COUNTY |
|---|---|
| 1900 US Highway 31 South; Bay Minette, AL 36507 | Baldwin |

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| | |

| STREET ADDRESS          CITY, STATE AND ZIP CODE | COUNTY |
|---|---|
| | |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

DATE DISCRIMINATION TOOK PLACE
EARLIEST (ADEA/EPA)          LATEST (ALL)

| | RACE | | COLOR | | SEX | | RELIGION | | AGE |
|---|---|---|---|---|---|---|---|---|---|
| | RETALIATION | | NATIONAL | | DISABILITY | | OTHER (Specify) | | |
| | | | ORIGIN | | X | | | | CONTINUING ACTION |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

### SEE ATTACHED PAGE FOR THE PARTICULARS

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - (When necessary for State and Local Requirements) |
|---|---|
| I declare under penalty of perjury that the foregoing is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.  SIGNATURE OF COMPLAINANT |

| 1-8-2020 | *Laura L Burks* (signature) | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year) |
|---|---|---|
| Date | Charging Party (Signature) | |

EEOC FORM 5 (10/94)


EXHIBIT C

## THE PARTICULARS

On October 24, 2019, the Acting President of Coastal Alabama Community, following a hearing, terminated Ms. Burks' employment as the College' Vice President of Human Resources. The College's decision to terminate Ms. Burks was based on allegations of misconduct, failure to perform duties in a satisfactory manner, neglect of duty, and other good and just cause. These allegations arise out of Ms. Burks' disability and the College's failure to provide reasonable accommodations for her disability in violation of the Americans with Disabilities Act, as Amended (2008) (ADAAA).

The College relied on allegations arising from Ms. Burks inability to fully perform the duties of her job without the accommodations that should have been provided to her and without the assistance that the College is, and was, aware that she should have had. While Ms. Burks served as the Vice President of Human Resources, she had no employees assigned to her department and only intermittent help on limited scope projects. The College was aware that Ms. Burks suffered from a disability, as covered by the ADAAA, and failed to provide her any assistance. Further, the College was consolidated with two other community colleges during the time period covering the allegations, and Ms. Burks became responsible for human resources for the all three colleges. Still, she was provided no assistance or accommodations. Since Ms. Burks has been out of her position, the College has posted vacancies for no less than eight (8) positions that will work in the College's human resources department.

The College will rely on its allegation that Ms. Burks was acting fraudulently or dishonestly. This argument is pretext for its actual reasons for terminating Ms. Burks and not supported the evidence, including the testimony given at her discipline hearing. Had the College provided Ms. Burks the accommodations and assistance needed, she would have been able to continue fully performing her duties as she did prior to her disability.

The above does not attempt to set out all of the facts in the case as to cover all wrongful acts of disability discrimination, but merely to preview the same in violation of the ADAAA.

Laura Burks

1-8-2020

Date

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: Laura K. Burks
35405 Pine Road South
Stapleton, AL 36578

From: Mobile Local Office
63 S Royal Street
Suite 504
Mobile, AL 36602

| | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) |
|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 425-2020-00376 | LANEETRA D. HARRIS, Investigator | (251) 690-2583 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ]    The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]    Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]    The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]    Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X]    The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]    The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]    Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*Erika LaCour*      1-24-2020

Enclosures(s)

Erika LaCour,
Local Office Director

*(Date Mailed)*

cc:

COASTAL ALABAMA COMMUNITY COLLEGE

c/o Windy C. Bitzer, Attorney
Hand Arendall Harrison Sale LLC
P.O. Box 123
Mobile, AL 36601

Thomas Loper, Esq.
LOPER LAW LLC
452 Government Street
Suite E
Mobile, AL 36602



Enclosure with EEOC
Form 161 (11/16)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS   --   Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date.** Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *mailed* **to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS   --   Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – not 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice *and* within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION   --   Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE   --   All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months** of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):**   The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

<u>**If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.**</u>

**"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):**

➢ **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.
➢ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities"** now include the operation of **major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.
➢ **Only one** major life activity need be substantially limited.
➢ With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.
➢ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active.**
➢ An impairment **may be substantially limiting even though it** lasts or is expected to last **fewer than six months.**

**"Regarded as" coverage:**
➢ An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).
➢ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
➢ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.
➢ A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note:  Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.*  For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.



# COASTAL ALABAMA
COMMUNITY COLLEGE

May 24, 2019

**_Via Certified Mail_**

Ms. Laura Burks
P.O. Box 102
Stapleton, Alabama 36578

      Re:    Notice of Proposed Termination

Dear Ms. Burks:

      You were provided notice on October 30, 2018 that your employment with Coastal Alabama Community College was being terminated effective November 30, 2018. Since that time, you have been on paid administrative or other leave while your legal counsel and the College's legal counsel engaged in protracted discussions, including discussions regarding whether the Students First Act termination process applies to your employment since you are a Vice President of the College. The College does not concede that you are legally entitled to such rights, but nevertheless agrees to provide you the process afforded under the Students First Act.

      Therefore, this letter serves as notice that your employment with Coastal Alabama Community College has been proposed for termination effective immediately based on information provided by your recommending senior supervisor, Interim President Patty Hughston. The reasons for your proposed termination include employee misconduct, failure to perform duties in a satisfactory manner, neglect of duty, and other good and just **cause.**

      A short and plain statement of facts supporting these reasons follows:

(1)    You engaged in fraud, forgery, and dishonesty related to a College record. You altered a College record regarding division chair pay and presented it to a College official and a ACCS peer review team member as the original.

(2)    You failed to take full management responsibility for all human resources for all campuses. This is evidenced in part by your inability to provide an accurate employee roster to the peer review team and your lack of visits to **all campuses to assess human resources needs or provide assistance to** employees. Non-instructional employee personnel files are incomplete and out of date. Search files are incomplete. There were two findings of employee pay scale misclassification following a job posting and search. You were unable to articulate to the peer team the College's staffing needs



and relied on others to identify recent hires, hiring needs, and the status of ongoing searches. You have not exercised managerial oversight of FMLA matters.

(3)     You failed to properly maintain personnel files for non-instructional employees. This is shown by the fact that you never inventoried or incorporated personnel files from Alabama Southern and Jeff Davis post-consolidation and were unaware of their location and did not take possession of them until shortly before the peer team arrived even though consolidation occurred in January 2017. Personnel files are incomplete and out of date, specifically files of Faulkner State employees.

(4)     You did not exercise managerial oversight of FMLA processing to ensure compliance.

(5)     You did not develop and implement internal human resources policies and procedures. For example, no onboarding/new employee checklists exist, and no systems were implemented to ensure that annual employee evaluations were completed, received, and appropriately maintained in non-instructional employee personnel files.

(6)     You failed to supervise, monitor, and/or appropriately document personnel actions related to promotion, transfer, employment, etc. For example, documentation regarding promotions were not in employee personnel files. The Business Office often did not receive appropriate documentation regarding personnel actions and/or prepared its own documentation since none was received from human resources.

(7)     You failed to maintain employee evaluations in non-instructional personnel files. Employee evaluations are missing for certain groups of employees in certain years.

(8)     You failed to maintain ethics training certifications in personnel files.

(9)     You failed to maintain updated job descriptions on each employee. You began compiling a job description manual, which is referenced as an existing manual in the College's Policies and Procedures Manual, during the peer team's review. Updated job descriptions were not maintained in employee personnel files.

(10)    You failed to provide timely, accurate, and complete information to the Business Office regarding employee matters. For example, letters of appointment were not provided or were missing appropriate signatures.

(11)    You failed to update the College's Policies and Procedures Manual with current Board of Trustees policies.

(12)    College position search files are incomplete and in disarray.

(13)    Organization is sorely lacking in many areas of the human resources division's files and records.

You will remain on paid administrative leave until the termination is effective  or you are otherwise notified to return to campus. During this paid leave period, you shall not report to any College campus without the Interim President's express consent. Failure to comply with these directives will result in an added charge of insubordination and potential contact with law  enforcement.

In order to request a hearing related to this proposed notice of termination, you must file a **written** request for such a hearing with Interim President Patty Hughston **within 15 calendar days** after issuance of  this notice. Should  you fail to timely  file the request for hearing, the Interim President  shall  act  on  the  recommended  termination  and  her decision shall be final. If you timely request a hearing, a hearing shall be set by the College not less than 30 and not more than 60 calendar days from the date written notice of the time, date, and place of the hearing is issued to you.

Sincerely,

Michelle Sylvester
Senior Personnel Officer

**BEFORE THE ACTING PRESIDENT**
**OF COASTAL ALABAMA COMMUNITY COLLEGE**

| | |
|---|---|
| In the matter of: | ) |
| | ) |
| **The Proposed Termination of** | ) |
| **Laura Burks** | ) |

### DECISION OF ACTING PRESIDENT

**I.     Introduction**

By letter dated May 24, 2019, the Senior Personnel Officer of Coastal Alabama Community College (Coastal) issued a Notice of Proposed Termination to Coastal Employee Laura Burks (SPO EX 8). Ms. Burks requested this hearing pursuant to Alabama Code §16-24C-6. Due to then Interim President Patty Hughston's recusal in this matter, by letter dated June 14, 2019, the Chancellor of the Alabama Community College System appointed Keith Brown as Acting President of Coastal Alabama Community College for the sole purpose of presiding over the termination proceeding. (SPO EX 12).

**II.     Procedural History**

By letter dated July 9, 2019, Keith Brown notified Ms. Burks of the hearing scheduled for August 27, 2019. (SPO EX 13). Upon motion of counsel for Ms. Burks', Mr. Brown rescheduled the hearing for September 23, 2019 and issued an Order to that effect, dated August 13, 2019. (SPO EX 14).

**III.     Applicable Law**

Alabama Code section 16-24C-6(a) provides:

> Tenured teachers and nonprobationary classified employees may be terminated at any time because of a justifiable decrease in the number of positions or for incompetency, insubordination, neglect of duty, immorality, failure to perform duties in a satisfactory manner, or other good and just cause, subject to the rights and procedures hereinafter provided. However, a vote or decision to approve a recommended termination on the part of a president of a two-year educational institution operated under the authority and control of the Department of Postsecondary Education or the governing board shall not be made for political or personal reasons.

Alabama Code section 16-24C-6(c) provides, in pertinent part:



(c) At the hearing, the chief executive officer or, for a two-year educational institution operated under the authority and control of the Department of Postsecondary Education, the official of such institution who serves or functions as the senior personnel officer thereof, based solely on the information provided by the recommending senior supervisor, shall bear the burden of proof with regard to disputed issues of material fact.

## IV.   Proposed Basis for Termination

In its Notice of Proposed Termination, Coastal outlines the bases for termination to include "employee misconduct, failure to perform duties in a satisfactory manner, neglect of duty, and other good and just cause." (SPO EX 8). Coastal provides some thirteen numbered paragraphs of factual allegations supporting these bases. The first paragraph of these allegations appears to support employee misconduct, while the remaining paragraphs appear to support failure to perform duties in a satisfactory manner and neglect of duty. (SPO EX 8). The discussion below will treat these separately.

## V.   Discussion

### a.   Employee Misconduct

Coastal alleges that Ms. Burks engaged in fraud, forgery and dishonesty related to a College record by altering a record of division chair pay and presenting it to a College official and ACCS peer review team as the original record. (SPO EX 8). The record at issue is a memorandum from Gary Branch to Jessica Davis that outlines pay increases for specified employees following the consolidation of Coastal. (SPO EX 15, 16). The evidence presented was undisputed that Ms. Burks modified the memorandum to include an increase in pay for Division Chairs. (Tr. 164). In fact, Ms. Burks testified that she presented the altered document to Dr. Branch for his signature on September 30, 2018, while he was on campus cleaning out his office. (Tr. 391, 530-31). Testimony also revealed that Ms. Burks directed Dr. Branch to include in the altered document the original hand-written notation, "Please hold until we talk" and to correct the misspelled word in the original document. (Tr. 391, 532). Therefore, the evidence establishes that Ms. Burks altered this college record with the intent of presenting it as the original document.

The evidence established that Dr. Branch retired from Coastal, effective October 1, 2018 and was on campus on September 30, 2018 to clean out his office. (Tr. 253). By memorandum

2

dated September 25, 2018, Chancellor Jimmy Baker notified Coastal employees of Dr. Branch's retirement and his plan for a transition. (SPO EX 1). In this memorandum, Mr. Baker states that for the foreseeable future, he would assume control and management of Coastal and had directed a peer review team to meet with Coastal executives to prepare an analysis of all college operations. He further stated that Mr. Jeff Rhodes would serve as the Chancellor's designee on site and would oversee and manage the peer review process. Mr. Rhodes testified that he was at Coastal on September 25, 2018, and conducted a large group meeting with the peer review team. (Tr. 360). Coastal also presented evidence that Mr. Rhodes conducted a meeting of the Executive Committee, including Ms. Burks, on October 3, 2018. (SPO EX 2). These minutes reflect that Mr. Rhodes discussed the peer review team and directed the Executive Committee not to clean up files, correct historical information but to let the review team take a snapshot of files on and prior to September 28, 2018. (SPO EX 2).

Ms. Jessica Davis, Vice-President of Financial and Administrative Services, testified that Ms. Burks had asked her whether she had a copy of the January 12, 2017 reorganization memorandum that included the pay increase for division chairs, that members of the peer review team were questioning the basis for their pay increase. (Tr. 138, 144). Ms. Davis further testified that she had a copy of the original memorandum, but that Ms. Burks later presented her with the altered memorandum that included the pay increase for division chairs. (Tr. 145, 586-87).

In defense of her actions, Ms. Burks testified that she altered the original memorandum and included the pay increase for division chairs at the direction of Dr. Branch. (Tr. 390-91). She then asked Dr. Branch to sign the altered memorandum, under the belief that he had the authority to correct and effectively replace the original memorandum on September 30, 2018. (Tr. 391). She believed that the altered document then became the original document and presented it to Jessica Davis and the peer review team as such original. (Tr. 392, 199).

The evidence presented establishes that, sometime between September 25 and September 30, 2018, the peer review team questioned Ms. Burks about the authorization for the pay increase for division chairs. Unable to locate a document supporting this increase, Ms. Burks asked Ms. Davis whether she had any such document. Upon determining that no such documentation existed, Ms. Burks altered the original document, had Dr. Branch sign and notate the altered document and presented it to Ms. Davis and the peer review team as the original document. As a

vice president with more than 26 years of experience at Coastal, Ms. Burks was more than just a clerical support employee blindly following the directives of her purported supervisor. Moreover, the evidence established that Ms. Burks was reasonably under sufficient notice that Dr. Branch no longer had operational or management oversight of Coastal on September 30, 2018, when she presented the altered document for his signature and notation. While the evidence does not establish that Ms. Burks forged the amended document, it reasonably establishes that she engaged in fraud or dishonesty by altering an official college record and presenting it to a college official and peer review team as the original document. These actions constitute employee misconduct.

**b. Neglect of Duty/Failure to Perform Duties in a Satisfactory Manner**

In its Notice of Proposed Termination, Coastal sets out twelve enumerated paragraphs of factual allegations in support of its proposed bases – failure to perform duties in a satisfactory manner and neglect of duty. (SPO EX 8). While it unnecessary to recount each instance of deficiency, Coastal presented both testimonial and documentary evidence supporting these bases, including, but not limited to, incomplete personnel files, incomplete search files, failure to document personnel changes and a general lack of oversight and engagement in the functions of human resources. Particularly compelling was the evidence of Ms. Brooke Strickland, a member of the Human Resources peer review team, who testified as to the many inadequacies in performance by Ms. Burks. (Tr. 169-76). Coastal also presented a memorandum from Ms. Strickland outlining the numerous deficiencies discovered by the HR review team. (SPO EX 20). In addition, Coastal presented ample evidence that other functional areas were performing many of the functions of human resources due to Ms. Burks' neglect or lack of performance.

It does not appear as though Ms. Burks made much, if any effort to perform fully the duties outlined in her job description until after the announcement that a peer review team would be visiting the college. Her efforts were not only contrary to the directives of leadership not to correct or clean files, but also were undertaken too late to prove meaningful. They do indicate, however, that Ms. Burks was aware of her deficiencies prior to any findings of the peer review team. As she testified, she was "job scared" during the peer review. (Tr. 523).

Ms. Burks presented some evidence indicating that she maintained some of the missing files electronically or otherwise had them stored in files separate from employees' personnel

files, including Ethics Training and E Schedule Advancement documentation. (Employee EX's 71-81). This evidence, however, fell short of addressing all of the demonstrated deficiencies and even the E Schedule Advancement documentation she presented stopped in 2016.

Ms. Burks further alleged that she is being subjected to termination because of her involvement with an investigation into misconduct by employees at one of the consolidated institutions. In support of this contention, Ms. Burks presented evidence that the Chancellor had directed that the investigative efforts by the college cease and that other employees involved in the investigation had been placed on administrative leave and presumably noticed for termination. The evidence did not establish any reasonable causal connection between Ms. Burks' involvement with the investigation and the bases for termination as outlined in her notice. In fact, Mr. Baker testified that he did not halt the investigation, but only directed that Coastal employees cease participation and allow the Ethics Commission to investigate the matter fully. (Tr. 573).

There was no credible testimony or evidence to establish that the proposed termination of Ms. Burks was based on political reasons.

There was no credible testimony or evidence to establish that the proposed termination of Ms. Burks was based on the personal reasons.

## VI.   Conclusion

Based on the evidence and testimony presented at the hearing, as well as the demeanor and credibility of the witnesses, the Senior Personnel Officer has met her burden in this matter. The evidence supports my finding that the conduct of Ms. Burks constitutes neglect of duty, employee misconduct (other good and just cause) and failure to perform duties in a satisfactory manner. Consequently, I approve and adopt the recommendation of the Senior Personnel Officer. Ms. Burks' employment at Coastal Community College is hereby terminated effective as of the date of this decision.

## VII.   Notice of Right of Appeal

Employee Laura Burks has the right to appeal this decision in accordance with the provision of Alabama Code § 16-24C-6. If Ms. Burks elects to appeal this decision, she must

file a written notice of appeal with the Alabama Community College System (formerly Alabama Department of Postsecondary Education) within 15 days of receipt of this decision. The notice of appeal shall state the grounds upon which it is based, and a copy of the notice shall be simultaneously served by Ms. Burks on the President of Coastal Community College.

_____
Signature of Acting President

October 24, 2019
Date

## CERTIFICATE OF SERVICE

I hereby certify that the above Decision of Acting President has been mailed by Certified Mail to Laura Burks, this the 24th day of October, 2019, with a copy of the same to counsel for the parties.

_____
Acting President

6



## COASTAL ALABAMA
### COMMUNITY COLLEGE

**VACANCY ANNOUNCEMENT**

**HUMAN RESOURCES COORDINATOR**

**POSITION OPENING DATE:**          **April 9, 2019**

**POSITION CLOSING DATE:**          **April 22, 2019**

**ANTICIPATED START DATE:  As soon as possible**

**LOCATION:  Bay Minette**

**SALARY:  Appropriate placement on the Alabama Community College System Salary Schedule C.**

### Position Summary

This employee works under the supervision of the Vice President of Human Resources to accomplish the goals and tasks of the department and Coastal Alabama Community College. The Human Resources Coordinator will adhere to the policies and procedures as specified by the Coastal Alabama Community College Policy Manual and the Alabama Community College System Board of Trustees. The Human Resources Coordinator performs a variety of complex technical and administrative duties; provides information and assistance to College employees and the general public regarding human resources activities, prepares various correspondence and memoranda; coordinates activities related to area of assignment; and performs a variety of tasks requiring specialized knowledge related to areas of assignment.

### Specific Duties and Responsibilities

At a minimum, the essential functions of the Human Resources Coordinator shall include:

- Performs a variety of tasks to address and complete departmental functions and goals.
- Performs tasks in a professional manner.
- Coordinates and cooperates with internal and external audiences.
- Serves as receptionist and secretary for the Human Resources Office by greeting callers (in person and by telephone) in a professional, friendly manner.

EXHIBIT

G

ALL-STATE LEGAL®

- Screens and routes incoming mail not requiring supervisor's attention and compose routine replies independently.
- Maintains employee, search and general office files.
- Participates in job-specific training.
- Assists the Vice President in using College resources such as Arc video software to create tutorial videos for employees.
- Serves on College standing committees.
- Attends professional development seminars and trainings to stay abreast of best practices in the field of human resources.
- Drives to attend meetings and performs job at required locations.
- Prepares monthly reports regarding discrepancies.
- Creates learning materials and hand-outs; utilizes and provides to others.
- Represents HR at all Coastal Alabama Community College campuses.
- Maintains broad-based knowledge of HR.
- Processes and files performance evaluations and Letters of Appointment.
- Maintains inventory of office supplies; generates purchase orders.
- Coordinates hiring and application process.
- Processes and tracks employment applications; assist search committees with the hiring process.
- Coordinates the performance evaluation process ensuring compliance with the College's and Alabama Community College System policies.
- Works with a variety of offices to ensure employees are paid appropriately.

**Orientation:**
Assists in performing department functions related to the orientation of new employees.

- Informs new employees of requirements and scheduling of orientation to the College.
- Interacts directly with the new employees.
- Conducts new employee orientations to ensure employees are knowledgeable of current practices/administrative processes and are in receipt of required federal/state training, in the absence of the Vice President.
- Assists new employees in completing paperwork and assists employees with changes in records as necessary.
- Collects paperwork and documents; files and maintains records in a confidential manner.
- Informs employees on how to obtain ID Badge and car decal and assist with locating relevant offices or information.
- Coordinates College Overview Workshop to assist new employees with becoming familiar with various department and college processes.

**Employee Records and Reports:**
Maintains, updates and verifies accuracy of employee personnel files and records. Contributes to developing and processing reports.

- Creates new employee physical files and identifies required/missing information within the electronic record.

- Completes new hire reporting through the Industrial Relations, enters background check information, and enters I-9 information into E-verify system.
- Mails benefit related paperwork to the appropriate organizations for enrollment purposes.
- Scans all paper documents into electronic employee record and accurately files all records.
- Responds to inquiries for verification of employment from external organizations.
- Maintains reports on receipt of annual Evaluations and Letters of Appointment for all employees.
- Coordinates with Instructional Affairs to modify leave accrual for nonworking or pro-rated faculty members during the summer months.
- Performs year-end processes such as pulling inactive personnel files and processing them out.
- Assists in verifying compliance and credentialing processes.

**Employee Exit Procedures:**
Ensures that all rules, regulations, procedures, policies and checklists have been reviewed by the appropriate persons to confirm that all exit procedures have been completed.

- Corresponds with employee to provide exit interview paperwork.
- Coordinates with the Payroll Staff (instead of Business Office) to reconcile, authenticate and report accurate information for payout purposes.
- Communicates with designated staff in the Information Technology division so that security access can be disabled.
- Inactivates and archives all personnel records (i.e. FMLA, 1-9, leave files, etc.).

**Tuition Waiver Processing:**
Follows established policies and procedures to ensure appropriate waivers are granted to employees based on the Alabama Community College System policy.

- Confirms employee eligibility for a waiver to include years of service, full-time status, no repeat courses, GPA, and appropriate documentation is submitted.
- Communicates with and obtains approval from the appropriate supervisor and President to apply waivers.
- Coordinates with Financial Aid and the Business Office to ensure waivers are accurately applied.
- Distributes approved waiver forms to appropriate contacts of college and universities participating in the Alabama Community College System tuition waiver programs.
- Notifies employees and/or dependents of approval and status of waiver process.
- Performs other duties as required.

**Minimum Qualifications**

The minimum employment qualifications of the Human Resources Coordinator shall include:

- Minimum of a bachelor's degree from a regionally accredited college or university **is required**.
- A minimum of three years of full-time experience working in a Human Resources office **is required**.
- Demonstrated experience using Microsoft Word, Excel, and PowerPoint **is required**.
- Ability to effectively communicate, multi-task, meet schedules, accommodate change, and safeguard confidential information **is required**.
- Ability to work overtime or non-standard hours **is required**.
- Ability to travel overnight for training **is required**.

**Preferred:**
- A bachelor's degree in Human Resources Management from a regionally accredited college or university **is preferred**.
- Previous work experience in an educational setting **is preferred**.

**SCREENING COMMITTEE**: The President will appoint a Screening and Interview Committee to include representatives of the College faculty and staff. This committee will employ appropriate procedures, including the review of application packets, interview, and demonstration of competency, to determine which applicants are to be recommended to the President for further consideration. From all the applications received, a screening committee will select the applicants to be interviewed. All initial interviews will be conducted in person and applicants must travel at their own expense.


## APPLICATION PROCEDURE AND DEADLINE:

All applicants are required to apply on-line for job opportunities. To apply on-line, click on the job title you are interested in and then click on the "Apply" link. Click the link below to see our current employment opportunities. If this is the first time you are applying using our on-line job application, you will need to create an account and select a Username and Password.

Applicants must meet the minimum qualifications as indicated in this vacancy announcement and must submit a completed application packet in order to be considered for an open position. Complete application packets must be received in the Human Resources Department no later than 11:59 p.m. April 22, 2019 and will only be accepted through the online application process. Applicants who fail to submit a completed application packet will be disqualified. Only completed applications received during the period of this vacancy announcement will be considered. A completed application packet consists of the following:

- An online application form;
- Cover letter;
- Current résumé;
- Copy of unofficial or official transcripts (Transcript must confirm applicant meets educational requirements.) Official transcripts must be submitted upon employment.
- Three professional references.


**Please Note:**

- It is recommended that you have digital (PDF) copies of your resume, unofficial/official transcripts, and references ready when you begin the online application process. You will be required to upload this during the application process.
- We do not accept paper, faxed or emailed applications and application materials.
- You may not put "see resume" on any section of the application form.
- When you finish the steps to apply to a job, you will receive an on-screen notice that you've successfully applied. However, this notice does not mean your application materials are complete.

**OTHER INFORMATION:**

Coastal Alabama Community College is an equal opportunity employer. It is College policy to provide equal opportunity for employment and advancement to all applicants and employees as required by appropriate federal and state law.

No employee or applicant for employment or promotion, shall be discriminated against on the basis of any impermissible criterion or characteristic including, without limitation, race, color, national origin, marital status, disability, sex, age or any other protected class as defined by federal and state law.

Coastal Alabama Community College will make reasonable accommodations for qualified disabled applicants or employees.

Coastal Alabama Community College reserves the right to withdraw this job announcement at any time prior to the awarding.

The College reserves the right not to fill the positions in the event of budgetary or operational constraints.

Coastal Alabama Community College is a multi-campus organization and employees of the College may be assigned to work at any of the College worksites, may be required to travel among various work sites for both day, evening, and weekend responsibilities, and must provide their own mode of transportation.

Coastal Alabama Community College is an active participant in the Employment Eligibility Verification Program (E-verify). E-verify electronically confirms an employee's eligibility to work in the United States as required by the Department of Homeland Security.

In accordance with Alabama Community College System policy and procedures, the applicant chosen for employment will be required to sign a consent form for a criminal background check. Employment will be contingent upon the receipt of a clearance notification from the criminal background check.

Applicants must adhere to the College's prescribed interview schedule and must travel at their own expense.

STUDENT LOGIN     FACULTY/STAFF LOGIN     ACCESSIBILITY     CONTACT                                    Search

Programs     Admissions     Financial Aid     About     Registration     Tuition     Students     Athletics

# Employment

## Staff/Support Positions

**Employment**

**Applicant Login**

**Full-Time Faculty Positions**

**Staff/Support Positions**

**Adjunct/Part-Time Faculty Positions**

**Job Interest Cards**

powered by
NEOGOV

| Job Title: | Human Resources Specialist |
| --- | --- |
| Opening Date/Time: | Mon. 05/06/19 12:00 AM Central Time |
| Closing Date/Time: | Mon. 05/20/19 11:59 PM Central Time |
| Salary: | See Position Description |
| Job Type: | Full-Time |
| Location: | Bay Minette, Alabama |
| Department: | Coastal Alabama Community College |

**Print Job Information | Apply**

| Job Description | Benefits | Supplemental Questions |
| --- | --- | --- |

The Human Resources Specialist performs professional level duties in preparing recruitment and staffing materials and coordinating the recruitment process in compliance with the Alabama Community College System Board of Trustees Policies and Chancellor's Procedures under the supervision of the Vice President of Human Resources.  The employee makes decisions based on established protocol in dealing with unusual issues and refers unusual issues and problems to the Vice President.

**Specific Duties and Responsibilities**
At a minimum, the essential functions of the Human Resources Specialist shall include:

**Recruitment:**
Assists in the development of and conducts recruitment activities for regular full-time staff, faculty and administrative and temporary positions; maintains search committee files in compliance with College Policy.

- Receives requests to fill vacant positions.
- Establishes system for recording and tracking vacancy announcements, media used for announcements, individuals who serve on committees, and the applicant pool associated with each vacancy.
- Develops job announcements and classified ads.
- Routes announcements and ads for approval.
- Posts announcements internally and externally.
- Sends vacancy announcements to all community colleges electronically.
- Sends ad for quote and order confirmation, prepares requisition for submission and approval.
- Receives and processes applications.
- Interacts with and provides information to applicants.
- Connects job applicants to the applied-for job.
- Creates check sheets associated with position requirements and necessary documents for application procedures.
- Inputs information regarding each applicant for required reports related to each job vacancy announcement and search process.

| Job Description | Benefits | Supplemental Questions |

- Meets with the search committees; advises committee members and responds to questions, in the absence of the Vice President of Human Resources.
- Sends out initial letters notifying candidates of their application status, indicating that they will not be considered for the positions, following the search committee review.
- Creates and distributes finalist packets upon receipt of the recommended finalists from the search committee.
- Prepares letters to interviewed applicants not selected regarding the outcome of the search upon selection of final candidates and notification from the search committee.
- Reviews and audits search files to ensure appropriate policies and procedures were followed.
- Follows up with the search committee chair and/or Dean to obtain all necessary Coastal Alabama Community College documents.
- Creates and obtains approval signature from the President to send Notification of Hire to the Chancellor's office, when applicable.
- Sends new hire information to appropriate contact for inclusion in internal publications.
- Scans all applicant and search documents to the AS 400 system for electronic filing.
- Archives all search files.

**Departmental Operations:**
Performs a variety of tasks to address and complete departmental functions and goals. Performs tasks in a professional manner.   Represents the department as required.  Coordinates and cooperates with internal and external audiences.

- Serves as receptionist for the Human Resources Office by greeting callers (in person and by telephone) in a professional, friendly manner.
- Assures proper storage, organization and retrieval of information of HR records.
- Interprets personnel actions, reviews documents for accuracy and completeness, processes transactions, prepares reports, researches and resolves discrepancies; identifies and corrects errors.
- Enters, reviews and audits human resources transactions.
- Reviews and audits programs and procedures for compliance with applicable laws, regulations, policies and procedures.
- Responds to inquiries for verification of employment of employees.
- Performs orientation for new employees in the absence of the Vice President.
- Maintains hard-copy and electronic files.
- Maintains security and confidentiality of information and records.
- Maintains and updates the personnel section in the college catalogue and in the telephone directory.
- Develops and updates the organizational chart for the College.
- Generates reports; compiles data and information.
- Supports college and departmental projects and initiatives.
- Works with administration and supervisors to ensure prompt and accurate flow of employee documentation in accordance with state and federal laws and regulations.
- Complies with all policies of the Board of Trustees, the System Office, and Coastal Alabama Community College.
- Participates in cross-training of staff in processing procedures in a variety of areas in human resources.
- Coordinates and assists with continuous proactive job description reviews by supervisors.
- Participates in planning and conducting training.
- Serves on College committees.
- Drives to Coastal Alabama campuses to provide support and services.
- Represents the Human Resources Department at all college campuses.
- Maintains broad-based knowledge of HR management.
- Creates learning materials and hand-outs; utilizes and provides to others.
- Performs other duties as assigned.

**SALARY:** Salary level will be determined by educational attainment in accordance with the Alabama Community College System Salary Schedule E3.

Employment - Coastal Alabama Community College

| **Job Description** | Benefits | Supplemental Questions |
|---|---|---|

**Qualifications:**

Interviews can only be extended to applicants who meet the minimum qualifications and who complete the application process. The following are the minimum **required qualifications** for this position:

- Possession of an associate degree from a regionally accredited college is required.
- A minimum of three years of full-time work experience in human resources is required; demonstration of increasing responsibility is required.
- Proficiency in Microsoft Office, especially in Word and Excel, is required.
- Possession of a current and valid driver's license is required.

The following are the **preferred qualifications** for this position:

- Possession of bachelor's degree in Human Resources Management from a regionally accredited college or university is preferred.
- Previous work experience in an educational setting is preferred.
- Experience in working with an AS/400 main-frame computer system is preferred.
- Experience working with the NEOGOV system is preferred.

**Desired Profile:**

Preference is given to candidates who can demonstrate through their experiences and accomplishments an understanding of and commitment to the philosophy and mission of a comprehensive community college; and a commitment to working with a wide variety of individuals with diverse computer skills.

**Supplemental Information:**

A complete application packet consists of the following:

- A completed <u>online</u> application form.
- Cover letter (signed) describing specifically how your experience and qualifications meet the minimum requirements.
- Current resume' showing education degrees earned and complete employment history.
- Copies of transcripts from <u>all</u> colleges attended and for which degrees have been granted. Degree(s) must be posted on transcripts. Official copies will be required if employed with the institution.

All applicants are **required** to apply on-line for job opportunities. To apply on-line, go to http://www.coastalalabama.edu/employment/ click on the job title you are interested in and then click on the "Apply" link. If this is the first time you are applying using our on-line job application, you will need to create an account and select a Username and Password.

Applicants must meet the minimum qualifications as indicated in this vacancy announcement and must submit a completed application packet in order to be considered for an open position. Only completed applications received during the period of this vacancy announcement will be considered.

**Please Note:**

- It is recommended that you have digital (PDF) copies of your resume and unofficial and/or official transcripts. You will be required to upload this during the application process.
- You must submit three professional references' contact information while you are completing the application for employment.
- We do not accept paper, faxed or emailed applications and application materials.
- You may not put "see resume" on any section of the application form.
- Please ensure that uploads are not behind a paywall or a password-protected area. The screening committee may disqualify your application packet if required uploads are inaccessible.
- When you finish the steps to apply to a job, you will receive an on-screen notice that you've successfully applied. However, this notice does not mean your application materials are complete.
- Correspondence regarding positions (i.e. scheduled interview appointment, position filled announcement) will be sent to applicants through the e-mail address used on the applicants' NEOGOV accounts. Applicants are required to monitor their e-mail accounts for updates regarding positions.

| Job Description | Benefits | Supplemental Questions |
|---|---|---|

- Incomplete application packets will eliminate the possibility of an interview. It is the sole responsibility of the applicant to ensure his or her application packet is complete.

Applications should be submitted no later than **11:59 p.m. CST on Monday, May 20, 2019** and will only be accepted through the **online** application process.

Applicants who fail to submit a completed application packet will be disqualified.

The President will appoint a Screening and Interview Committee to include representatives of the College faculty and staff. This committee will employ appropriate procedures, including the review of application packets, interview, and demonstration of competency, to determine which applicants are to be recommended to the President for further consideration. From all the applications received, a screening committee will select the applicants to be interviewed. All initial interviews will be conducted in person and applicants must travel at their own expense.

Coastal Alabama Community College is an equal opportunity employer. It is the policy of the Alabama Community College System, including all postsecondary community and technical colleges under the control of the Alabama Community College System Board of Trustees, that no employee or applicant for employment or promotion, shall be discriminated against on the basis of any impermissible criterion or characteristic including, without limitation, race, color, national origin, religion, marital status, disability, sex, age or any other protected class as defined by federal and state law.

It is College policy to provide equal opportunity for employment and advancement to all applicants and employees as required by appropriate federal and state law.
Coastal Alabama Community College will make reasonable accommodations for qualified disabled applicants or employees. Applicants in need of an accommodation(s), should contact the Human Resources Office prior to the interview.

Coastal Alabama Community College reserves the right to withdraw this job announcement at any time prior to the awarding.

The College reserves the right not to fill the positions in the event of budgetary or operational constraints.

Coastal Alabama Community College is a multi-campus organization and employees of the College may be assigned to work at any of the College worksites, may be required to travel among various work sites for both day, evening, and weekend responsibilities, and must provide their own mode of transportation.

Coastal Alabama Community College is an active participant in the Employment Eligibility Verification Program (E-verify). E-verify electronically confirms an employee's eligibility to work in the United States as required by the Department of Homeland Security.

In accordance with Alabama Community College System policy and procedures, the applicant chosen for employment will be required to sign a consent form for a criminal background check. Employment will be contingent upon the receipt of a clearance notification from the criminal background check.

Applicants must adhere to the College's prescribed interview schedule and must travel at their own expense.

COASTAL ALABAMA COMMUNITY COLLEGE

1900 Highway 31 South
Bay Minette, Alabama 36507
800-351-3722 (Toll-Free)
Maps & Direction
Copyright 2018 Coastal Alabama Community College
All Rights Reserved
The Americans With Disabilities Act (ADA) Policy
American Recovery & Reinvestment Act of 2009

| Home | Library | Calendar of Events |
|---|---|---|
| Programs | Life on Campus | News Room |
| Admissions | Weather Policy | Photo Galleries |
| Financial Aid | Student Support Services | Site Map |
| About | Register | |
| Registration | WorkKeys | |
| Tuition | Employment | |
| Students | Self Information | |
| Athletics | | |
| Employment | | |
| Bid Information | | |
| Business Office | | |



Financial Operation Data - Click here to view the College's financial disclosures.

COPIES OF ALL MATERIALS ARE AVAILABLE IN LARGE TYPE UPON REQUEST. ALSO, THE CONTENT OF THIS WEBSITE WILL BE READ TO ANY PERSON MAKING THE REQUEST.

Posted Date:  August 13, 2019
Closing Date:  August 20, 2019



# COASTAL ALABAMA COMMUNITY COLLEGE
# VACANCY ANNOUNCEMENT

# Human Resources Generalist

## (Three Positions)

**STARTING DATE:** As soon as possible

**BASE CAMPUS:** Bay Minette

**REQUIRED QUALIFICATIONS:** Interviews can only be extended to applicants who meet the minimum qualifications and who complete the application process. The following are the minimum required qualifications for this position:

- Minimum of a bachelor's degree in Human Resources or Business Administration from a regionally accredited college or university **is required**.
- A minimum of three (3) years of full-time experience working in human resources, office management, or administrative/clerical support experience at the postsecondary level **is required**.
- Experience with E-verify and processing of employee background checks **is required**.
- Experience with the employment process/job postings using NEOGOV **is required**.
- General knowledge of employee payroll contracts **is required**.
- General knowledge of employment laws and practices **is required**.
- Ability to effectively communicate, multi-task, meet schedules, accommodate change, and safeguard confidential information **is required**.
- Ability to work well under pressure **is required**.
- Exceptional interpersonal skills with ability to work well with faculty, staff, students, and the community at large **is required**.
- Ability to traverse multiple campuses **is required**.
- Possession of a current and valid driver's license or ability to travel independently is **required**.
- Ability to plan, organize, coordinate, and manage complicated tasks **is required**.
- Ability to work flexible hours **is required**.

**PREFERRED QUALIFICATIONS:** The following are the **preferred qualifications** for this position:

- Previous work experience in an educational setting **is preferred**.

**ESSENTIAL FUNCTIONS:** At a minimum, the essential functions of the Human Resources Specialist shall include:

**Departmental Operations:**
Performs a variety of tasks to address and complete departmental functions and goals. Performs tasks in a professional manner. The Human Resources Generalist is responsible

for the administrative and clerical support of the Human Resources Office.

- Maintains confidentiality of the Human Resources Office at all times.
- Assists in the day-to-day operational of the Human Resources Office.
- Serve as receptionist and secretary for the Human Resources Office by greeting callers (in person and by telephone) in a professional, friendly manner.
- Screen and route incoming mail not requiring supervisor's attention and compose routine replies independently.
- Maintains employee, search, and general office files; keys in manual entries.
- Serves on College committees.
- Attends professional development seminars and trainings to stay abreast of best practices in the field of human resources.
- Drive to attend meetings and perform job at required locations.
- Prepares monthly reports regarding discrepancies.
- Creates learning materials and hand-outs; utilizes and provides to others.
- Represents HR at all Coastal Alabama Community College campuses.
- Maintains broad-based knowledge of human resources.
- Processes and files performance evaluations and Letter of Appointments.
- Maintains inventory of office supplies; generates purchase orders.
- Coordinates the part-time hiring and application process.
- Process and track employment applications; assist search committees with the hiring process.
- Coordinates the performance evaluation process ensuring compliance with the College's and Alabama Community College System policies.
- Work with the Instructional Office to ensure faculty are paid appropriately.

**Orientation:**
Assists in performing department functions related to the orientation of new employees.

- Informs new employees of requirements and scheduling of orientation to the College.
- Interacts directly with the new employees.
- Conducts new employee orientations to ensure employees are knowledgeable of current practices/administrative processes and are in receipt of required federal/state training, in the absence of the Vice President.
- Assists new employees in completing paperwork and assists employees with changes in records as necessary.
- Collects paperwork and documents; files and maintains records in a confidential manner.
- Escort employees to obtain ID Badge, car decal, and assist with locating relevant offices or information.
- Assists new employees with becoming familiar with various human resources office and College processes.

**Employee Records and Reports:**
Maintains, updates, and verifies accuracy of employee personnel files and records. Contributes to developing and processing reports.

- Create new employee physical files and identify required/missing information within the electronic record.

2

- Complete new hire reporting through the Industrial Relations, enter background check information, and enter I-9 information into E-verify system.
- Assists with employee payroll contract calculations and data entries utilizing the AS400 data systems.
- Scan all paper documents into electronic employee record and accurately file all records.
- Responds to inquiries for verification of employment from external organizations.
- Maintain reports on receipt of annual Evaluations and Letter of Appointments for all employees.
- Performs year-end processes such as pulling inactive personnel files and processing them out.
- Assists in verifying compliance and credentialing processes.

**Employee Exit Procedures:**
Ensures that all rules, regulations, procedures, policies, and checklists have been reviewed by the appropriate persons to confirm that all exit procedures have been completed.

- Corresponds with employee to provide exit interview paperwork.
- Reconciles, authenticates, and reports accurate information for payout purposes.
- Communicates with supervisors to send and receive appropriate information in association with leave processing and reconciliation.
- Communicates with ITS so that security access can be disabled.
- Assists with the inactivation and archives all personnel records (i.e. FMLA, I-9, Leave files, etc.)

**Tuition Waiver Processing:**
Follows established policies and procedures to ensure appropriate waivers are granted to employees based on the Alabama Community College System policy.

- Confirms employee eligibility for a waiver to include years of service, full-time status, no repeat courses, GPA, and appropriate documentation is submitted.
- Communicates with and obtains approval from the Dean and President to apply waivers.
- Assists Financial Aid and the Business Office to ensure waivers are accurately applied.
- Distributes approved waiver forms to appropriate contacts of college and universities participating in the Alabama Community College System tuition waiver programs.
- Notifies employees and/or dependents of approval and status of waiver process.
- Performs other duties as required.

**SALARY:** Salary level will be determined by educational attainment in accordance with the Alabama Community College System Salary Schedule C3.

**APPLICATION PROCEDURES:** A complete application packet consists of the following:

- A completed **online** application form.
- A **signed** cover letter describing specifically how your experience and qualifications meet the minimum requirements.
- Three (3) professional references with addresses and phone numbers.
- Current resume' showing education degrees earned and complete employment history.

3

- Copies of transcripts from **all** colleges attended. Degree(s) must be posted on transcripts. Official copies will be required if employed with the institution.

All applicants are **required** to apply on-line for job opportunities. To apply on-line, go to http://www.coastalalabama.edu/employment/ click on the job title you are interested in and then click on the "Apply" link. If this is the first time you are applying using our on-line job application, you will need to create an account and select a Username and Password.

Applicants must meet the minimum qualifications as indicated in this vacancy announcement and must submit a completed application packet in order to be considered for an open position. Only completed applications received during the period of this vacancy announcement will be considered.

**Please Note:**

- It is recommended that you have digital (PDF) copies of your resume and unofficial and/or official transcripts. You will be required to upload this during the application process.
- You must submit three professional references' contact information while you are completing the application for employment.
- We do not accept paper, faxed or emailed applications and application materials.
- You may not put "see resume" on any section of the application form.
- Please ensure that uploads are not behind a paywall or a password-protected area. The screening committee may disqualify your application packet if required uploads are inaccessible.
- When you finish the steps to apply to a job, you will receive an on-screen notice that you've successfully applied. However, this notice does not mean your application materials are complete.
- **Correspondence regarding positions (i.e. scheduled interview appointment, position filled announcement) will be sent to applicants through the e-mail address used on the applicants' NEOGOV accounts. Applicants are required to monitor their e-mail accounts for updates regarding positions.**
- Incomplete application packets will eliminate the possibility of an interview. It is the sole responsibility of the applicant to ensure his or her application packet is complete.

**APPLICATION DEADLINE:**

Applications should be submitted no later than **11:59 p.m. CST on Tuesday, August 20, 2019,** and will only be accepted through the **online** application process.

Applicants who fail to submit a completed application packet will be disqualified.

**INTERVIEW PROCESS:**

The President will appoint a Screening and Interview Committee to include representatives of the College faculty and staff. This committee will employ appropriate procedures, including the review of application packets, interview, and demonstration of competency, to determine which applicants are to be recommended to the President for further consideration. From all the applications received, a screening committee will select the applicants to be interviewed. All initial interviews will be conducted in person and applicants must travel at their own expense.

**ADDITIONAL INFORMATION:**

Coastal Alabama Community College is an equal opportunity employer. It is the policy of the Alabama Community College System, including all postsecondary community and technical colleges under the control of the Alabama Community College System Board of Trustees, that no employee or applicant for employment or promotion, shall be discriminated against on the basis of any impermissible criterion or characteristic including,

without limitation, race, color, national origin, religion, marital status, disability, sex, age or any other protected class as defined by federal and state law.

It is College policy to provide equal opportunity for employment and advancement to all applicants and employees as required by appropriate federal and state law.

Coastal Alabama Community College will make reasonable accommodations for qualified disabled applicants or employees. Applicants in need of an accommodation(s), should contact the Human Resources Office prior to the interview.

Coastal Alabama Community College reserves the right to withdraw this job announcement at any time prior to the awarding.

The College reserves the right not to fill the positions in the event of budgetary or operational constraints.

Coastal Alabama Community College is a multi-campus organization and employees of the College may be assigned to work at any of the College worksites, may be required to travel among various work sites for both day, evening, and weekend responsibilities, and must provide their own mode of transportation.

Coastal Alabama Community College is an active participant in the Employment Eligibility Verification Program (E-verify). E-verify electronically confirms an employee's eligibility to work in the United States as required by the Department of Homeland Security.

In accordance with Alabama Community College System policy and procedures, the applicant chosen for employment will be required to sign a consent form for a criminal background check. Employment will be contingent upon the receipt of a clearance notification from the criminal background check.

Applicants must adhere to the College's prescribed interview schedule and must travel at their own expense.

Employment - Coastal Alabama Community College

STUDENT LOGIN     FACULTY/STAFF LOGIN     ACCESSIBILITY     CONTACT                                    Search

Programs    Admissions    Financial Aid    About    Registration    Tuition    Students    Athletics

# Employment

**Employment**

**Applicant Login**

**Full-Time Faculty Positions**

**Staff/Support Positions**

**Adjunct/Part-Time Faculty Positions**

**Job Interest Cards**

## Staff/Support Positions

powered by
**NEOGOV**

| Job Title: | Human Resources Administrative Assistant |
|---|---|
| Opening Date/Time: | Wed. 10/23/19 12:00 AM Central Time |
| Closing Date/Time: | Wed. 11/06/19 11:59 PM Central Time |
| Salary: | See Position Description |
| Job Type: | Full-Time |
| Location: | Bay Minette, Alabama |
| Department: | Coastal Alabama Community College |

**Print Job Information | Apply**

| **Job Description** | Benefits | Supplemental Questions |
|---|---|---|

The position of Human Resources Administrative Assistant will provide support to the Office of Human Resources by performing a variety of responsible, complex technical and clerical duties. The Administrative Assistant also provides information and assistance to College employees and the general public regarding Human Resources activities, prepares various correspondence and memoranda, coordinates activities related to Human Resources, and performs a variety of tasks requiring specialized knowledge related to Human Resources.

At a minimum, the essential functions of the Human Resources Administrative Assistant shall include:

- Ability to maintain confidentiality.
- Ability to work independently, under pressure, and with discretion.
- Strong interpersonal skills and work ethic.
- Proficiency in the Microsoft Office suite, including Word, Excel, Access, PowerPoint, and Outlook.
- Organizational skills and attention to detail.
- Superior English language skills to correspond both verbally and in writing, using good grammar, spelling, punctuation, and structure.
- Ability to interact with the general public in a courteous and helpful manner.
- Ability to operate office machines and equipment, including personal computers, keyboards, switchboards, calculators, multi-line telephones, copy machines, printers, and fax machines.
- Ability to work with one or more software programs and maintain familiarity with campus software requirements.
- Must be knowledge of conflict resolution and mediation principles.
- Ability to read, understand, and review documents for accuracy and relevant information.
- Ability to use applicable office terminology, forms, documents, and procedures in the course of the work.
- Ability to use sound judgment in following and applying appropriate laws, regulations, policies, and procedures.
- Ability to assemble, organize, and prepare data for records and reports.

Employment - Coastal Alabama Community College

| Job Description | Benefits | Supplemental Questions |
|---|---|---|

- Ability to compose letters, memos, forms and charts independently.
- Ability to read, interpret, apply, and explain rules and regulations, policies, and procedures.
- Ability to communicate with peers and other staff, students, and the public in a manner reflecting positively on the department and the College.
- Ability to organize and maintain records.
- Ability to plan, organize, and complete work to meet established deadlines.
- Ability to assist as needed with processing job vacancy announcements and applicant information.
- Ability to serve as backup to the College Receptionist as needed.
- Ability to exhibit initiative to pursue tasks.
- Serve as the primary office point of contact.
- Maintain the security and confidentiality of all employee files and documents.
- Assists in maintaining employee files and records in accordance with the College and Alabama Community College System (ACCS) policies and procedures.
- Become knowledgeable and adhere to ACCS policies and procedures.
- Maintain Human Resources employee files and ensure completeness; follow up on missing documents.
- Maintain an accurate filing system for all applicant, employee, and other departmental related documents.
- Maintain and purchase inventory of office supplies, equipment, etc.
- Exercise good ethical and moral principles.
- Attend College functions, as required.
- Process incoming and outgoing correspondence.
- Escort employees to obtain ID Badge car decal and assist with locating relevant offices or information.
- Assists new employees with becoming familiar with various human resources office and College processes as needed.
- Assists with updating and maintaining the College's telephone directory.
- Assists with updating and maintaining the College's organizational chart.
- Assists with updating and maintaining the College's Policy and Procedures Manual.
- Drive to attend meetings and perform job at required locations.
- Perform other duties as assigned.

**SALARY:** Appropriate placement on the Alabama Community College System Salary Schedule **E3**

**Qualifications:**

**REQUIRED QUALIFICATIONS:**
**Interviews can only be extended to applicants who meet the minimum qualifications and who complete the application process.** The following are the minimum **required qualifications** for this position:

- Associate's degree from a regionally accredited college or university **is required**.
- Minimum of two (2) years of recent experience working in human resources, office management, or administrative/clerical support experience **is required**.
- Two (2) years of recent experience in office practices and procedures using general clerical skills **is required**.

**PREFERRED QUALIFICATIONS**
The following are the **preferred qualifications** for this position:

- Experience working in Human Resources **is preferred**.
- Experience working with the NEOGOV system **is preferred**.
- Experience working in an educational setting **is preferred**.

**Desired Profile:**

| Job Description | Benefits | Supplemental Questions |

Preference is given to candidates who can demonstrate through their experiences and accomplishments:

- An understanding of and commitment to the philosophy and mission of a comprehensive community college.
- Commitment to all students and faculty including those of diverse cultures and ethnic backgrounds.
- An understanding of the broad range of students' abilities in an open admissions college and the ability to communicate to the community college student population.
- Demonstrated speaking and writing skills.

**Application Procedures:**

**APPLICATION PROCEDURES:**
A complete application packet consists of the following:

- A completed **online** application form.
- A **signed** cover letter describing specifically how your experience and qualifications meet the minimum requirements.
- Three (3) professional references with addresses and phone numbers.
- Current resume' showing education degrees earned and complete employment history.
- Copies of transcripts from **all** colleges attended where degrees were conferred. Degree(s) must be posted on transcripts. Official copies will be required if employed with the institution.

All applicants are **required** to apply on-line for job opportunities. To apply on-line, go to http://www.coastalalabama.edu/employment/ click on the job title you are interested in and then click on the "Apply" link. If this is the first time you are applying using our on-line job application, you will need to create an account and select a Username and Password.

Applicants must meet the minimum qualifications as indicated in this vacancy announcement and must submit a completed application packet in order to be considered for an open position. Only completed applications received during the period of this vacancy announcement will be considered.

**Please Note:**

- It is recommended that you have digital (PDF) copies of your resume and unofficial and/or official transcripts. You will be required to upload this during the application process.
- You must submit three professional references' contact information while you are completing the application for employment.
- We do not accept paper, faxed or emailed applications and application materials.
- You may not put "see resume" on any section of the application form.
- Please ensure that uploads are not behind a paywall or a password-protected area. The screening committee may disqualify your application packet if required uploads are inaccessible.
- When you finish the steps to apply to a job, you will receive an on-screen notice that you've successfully applied. However, this notice does not mean your application materials are complete.
- **Correspondence regarding positions (i.e. scheduled interview appointment, position filled announcement) will be sent to applicants through the e-mail address used on the applicants' NEOGOV accounts. Applicants are required to monitor their e-mail accounts for updates regarding positions.**
- Incomplete application packets will eliminate the possibility of an interview. It is the sole responsibility of the applicant to ensure his or her application packet is complete.

**APPLICATION DEADLINE:**
Applications should be submitted no later than **11:59 p.m. CST on Wednesday, November 6, 2019**, and will only be accepted through the **online** application process.
Applicants who fail to submit a completed application packet will be disqualified.

**INTERVIEW PROCESS:**
The President will appoint a Screening and Interview Committee to include representatives of the College faculty and staff. This committee will employ appropriate procedures, including the review of application packets, interview, and demonstration of competency, to determine which applicants are to be recommended to the President for further consideration. From all the applications received, a screening committee will select the applicants to be interviewed. All initial interviews will be conducted in person and applicants must travel at their

Case 1:20-cv-00069-KD-C    Document 1   Filed 02/06/20   Page 62 of 79    PageID #: 62

| Job Description | Benefits | Supplemental Questions |
|---|---|---|

own expense.

**ADDITIONAL INFORMATION:**
Coastal Alabama Community College is an equal opportunity employer. It is the policy of the Alabama Community College System, including all postsecondary community and technical colleges under the control of the Alabama Community College System Board of Trustees, that no employee or applicant for employment or promotion, shall be discriminated against on the basis of any impermissible criterion or characteristic including, without limitation, race, color, national origin, religion, marital status, disability, sex, age or any other protected class as defined by federal and state law.

It is College policy to provide equal opportunity for employment and advancement to all applicants and employees as required by appropriate federal and state law.

Coastal Alabama Community College will make reasonable accommodations for qualified disabled applicants or employees. Applicants in need of an accommodation(s), should contact the Human Resources Office prior to the interview.

Coastal Alabama Community College reserves the right to withdraw this job announcement at any time prior to the awarding.

The College reserves the right not to fill the positions in the event of budgetary or operational constraints.

Coastal Alabama Community College is a multi-campus organization and employees of the College may be assigned to work at any of the College worksites, may be required to travel among various work sites for both day, evening, and weekend responsibilities, and must provide their own mode of transportation.

Coastal Alabama Community College is an active participant in the Employment Eligibility Verification Program (E-verify). E-verify electronically confirms an employee's eligibility to work in the United States as required by the Department of Homeland Security.

In accordance with Alabama Community College System policy and procedures, the applicant chosen for employment will be required to sign a consent form for a criminal background check. Employment will be contingent upon the receipt of a clearance notification from the criminal background check.

Applicants must adhere to the College's prescribed interview schedule and must travel at their own expense.

## COASTAL ALABAMA COMMUNITY COLLEGE

1900 Highway 31 South
Bay Minette, Alabama 36507
800-381-3722 (Toll-Free)
Maps & Direction

Copyright 2016 Coastal Alabama Community College.

All Rights Reserved.

The Americans With Disabilities Act (ADA) Policy

American Recovery & Reinvestment Act of 2009

| | | |
|---|---|---|
| Home | Library | Calendar of Events |
| Programs | Life on Campus | News Room |
| Admissions | Weather Policy | Photo Galleries |
| Financial Aid | Student Support Services | Site Map |
| About | Registrar | |
| Registration | WorkKeys | |
| Tuition | Employment | |
| Students | Bid Information | |
| Athletics | | |
| Employment | | |
| Bid Information | | |
| Business Office | | |



Financial Operation Date - Click here to view the College's line item purchases

COPIES OF ALL STATUTES ARE AVAILABLE IN LARGE TYPE UPON REQUEST. UPON THE CONSENT OF THIS WEBSITE WILL BE READ TO ANY PERSON MAKING THE REQUEST.

STUDENT LOGIN    FACULTY/STAFF LOGIN    ACCESSIBILITY    CONTACT        Search

Programs    Admissions    Financial Aid    About    Registration    Tuition    Students    Athletics

# Employment

**Employment**

**Applicant Login**

**Full-Time Faculty Positions**

**Staff/Support Positions**

**Adjunct/Part-Time Faculty Positions**

**Job Interest Cards**

## Staff/Support Positions

powered by
**NEOGOV**

| | |
|---|---|
| Job Title: | Human Resources Specialist |
| Opening Date/Time: | Wed. 10/23/19 12:00 AM Central Time |
| Closing Date/Time: | Wed. 11/06/19 11:59 PM Central Time |
| Salary: | See Position Description |
| Job Type: | Full-Time |
| Location: | Bay Minette, Alabama |
| Department: | Coastal Alabama Community College |

**Print Job Information | Apply**

| **Job Description** | Benefits | Supplemental Questions |
|---|---|---|

The Human Resources Specialist performs professional level duties in preparing recruitment and staffing materials and coordinating the recruitment and onboarding process in compliance with the Alabama Community College System Board of Trustees Policies and Chancellor's Procedures. The employee makes decisions based on established protocol in dealing with unusual issues and refers unusual issues and problems to the supervisor of the human resources division.

At a minimum, the essential functions of the Human Resources Specialist shall include:

**Recruitment:**
Assists in the development of and conducts recruitment activities for regular full-time staff, faculty and administrative and temporary positions; maintains search committee files in compliance with College Policy.

- Receives and reviews all internal requests to fill vacant positions to determine need to advertise.
- Establishes system for recording and tracking vacancy announcements, media used for announcements, individuals who serve on committees, and the applicant pool associated with each vacancy.
- Develops job announcements and classified ads.
- Routes announcements and ads for approval.
- Posts announcements internally and/or externally.
- Sends vacancy announcements to all community colleges electronically.
- Sends ad for quote and order confirmation, prepares requisition for submission and approval.
- Receives and processes applications.
- Interacts with and provides information to applicants.
- Connects job applicants to the applied-for job.
- Creates check sheets associated with position requirements and necessary documents for application procedures.
- Inputs information regarding each applicant for required reports related to each job vacancy announcement and search process.

Employment - Coastal Alabama Community College

| Job Description | Benefits | Supplemental Questions |

- Conducts all aspects of the College's search process.
- Meets with the search committees; advises committee members and responds to questions, in the absence of the human resources supervisor.
- Sends out initial letters notifying candidates of their application status, indicating that they will not be considered for the positions, following the search committee review.
- Creates and distributes finalist packets upon receipt of the recommended finalists from the search committee.
- Prepares letters to interviewed applicants not selected regarding the outcome of the search upon selection of final candidates and notification from the search committee.
- Creates and maintains search committee files for all search committees.
- Reviews and audits search files to ensure appropriate policies and procedures were followed.
- Follows up with the search committee chair and/or Dean to obtain all necessary Coastal Alabama Community College documents.
- Creates and obtains approval signature from the President to send Notification of Hire to the Chancellor's office, when applicable.
- Sends new hire information to appropriate contact for inclusion in internal publications.
- Scans all applicant and search documents to the AS 400 system for electronic filing.
- Archives all search files.

**Departmental Operations:**
Performs a variety of tasks to address and complete departmental functions and goals. Performs tasks in a professional manner. Represents the department as required. Coordinates and cooperates with internal and external audiences.

- Maintains confidentiality of the Human Resources office at all times.
- Assists in the day-to-day operations of the Human Resources office.

- Assists the administrative assistant and serves as a receptionist for the Human Resources Office by greeting callers (in person and by telephone) in a professional, friendly manner.
- Screen and route incoming mail not requiring supervisor's attention to compose routine replies independently.
- Creates and updates job descriptions as needed.
- Maintains employee search and general office files.
- Assures proper storage, organization and retrieval of information of HR records.
- Interprets personnel actions, reviews documents for accuracy and completeness, processes transactions, prepares reports, researches and resolves discrepancies; identifies and corrects errors.
- Enters, reviews and audits human resources transactions.
- Reviews and audits programs and procedures for compliance with applicable laws, regulations, policies and procedures.
- Responds to inquiries for verification of employment of employees.
- Performs orientation for new employees.
- Maintains hard-copy and electronic files.
- Maintains security and confidentiality of information and records.
- Assists with updating and maintaining the organizational chart for the College.
- Assists with updating and maintaining the College's Policy and Procedures Manual
- Assists with reviewing and processing Employee Tuition Waivers
- Coordinates the part-time hiring and application process.
- Assists with the performance evaluation process ensuring compliance with the College's and Alabama Community College System policies.
- Works with the Instructional Office to ensure faculty are paid appropriately.
- Generates reports; compiles data and information.
- Supports college and departmental projects and initiatives.
- Works with administration and supervisors to ensure prompt and accurate flow of employee documentation in accordance with state and federal laws and regulations.
- Complies with all policies of the Board of Trustees, the System Office, and Coastal Alabama Community College.
- Participates in cross-training of staff in processing procedures in a variety of areas in human resources.
- Coordinates and assists with continuous proactive job description reviews by supervisors.

| Job Description | Benefits | Supplemental Questions |

- Participates in planning and conducting training.
- Serves on College committees.
- Drives to Coastal Alabama campuses to provide support and services.
- Represents the Human Resources Department at all college campuses.
- Maintains broad-based knowledge of HR management.
- Responsible for preparing packets for new employees.
- Creates learning materials and hand-outs; utilizes and provides to others.
- Assists with the year-end processes such as pulling inactive personnel files for processing/closing out.
- Performs other duties as assigned.

**Orientation:**
Assists with coordinating and performing department functions related to the orientation of new employees.

- Implements all facets of the new employee orientation process.
- Informs new employees of requirements and scheduling of orientation of the College.
- Interacts directly with the new employees.
- Conducts new employee orientations to ensure employees are knowledgeable of current practices/administrative processes and are in receipt of required federal/state training.
- Assists new employees in completing paperwork and assists employees with changes in records, as necessary.
- Collects paperwork and documents, files and maintains records in a confidential manner.
- Escorts employees to obtain ID Badge, car decal and assist with locating relevant offices or information.
- Assists new employees with becoming familiar with various human resources office and College processes and policies.

**Employee Records and Reports:**

- Maintains, updates and verifies accuracy of employee personnel files and records. Contributes to developing and processing reports.
- Create new employee physical files and identifying required/missing information within the electronic record.
- Complete new hire reporting through the Industrial Relations and enter I-9 information into E-verify system.
- Responsible for processing background checks and obtaining background check fees from new employees.
- Assists with employee payroll contract calculations and data entries utilizing AS400 data systems.
- Scan all paper documents into electronic employee record and accurately file all records.
- Responds to inquiries for verification of employment from external organizations.
- Maintains reports on receipt of annual Evaluations and Letters of Appointment for all employees.
- Assists in verifying compliance and credentialing processes.

**SALARY:** Appropriate placement on the Alabama Community College System Salary Schedule **C3**

**Qualifications:**

Employment - Coastal Alabama Community College

| Job Description | Benefits | Supplemental Questions |

**REQUIRED QUALIFICATIONS:**
Interviews can only be extended to applicants who meet the minimum qualifications and who complete the application process. The following are the minimum **required qualifications** for this position:

- Bachelor's degree in Human Resources or Business Administration from a regionally accredited college or university **is required.**
- A minimum of three years (3) of recent full-time work experience in human resources **is required.**
- Proficiency in Microsoft Office, especially in Word and Excel, **is required.**
- Possession of a current and valid driver's license **is required.**

**PREFERRED QUALIFICATIONS**
The following are the **preferred qualifications** for this position:

- Bachelor's degree in Human Resources Management from a regionally accredited college or university **is preferred.**
- Previous work experience in an educational setting **is preferred.**
- Experience in working with an AS/400 main-frame computer system **is preferred.**
- Experience working with the NEOGOV system **is preferred.**

**Desired Profile:**

Preference is given to candidates who can demonstrate through their experiences and accomplishments:

- An understanding of and commitment to the philosophy and mission of a comprehensive community college.
- Commitment to working with a wide variety of individuals with diverse computer skills.

**Application Procedures:**

**APPLICATION PROCEDURES:**
A complete application packet consists of the following:

- A completed **online** application form.
- A **signed** cover letter describing specifically how your experience and qualifications meet the minimum requirements.
- Three (3) professional references with addresses and phone numbers.
- Current resume' showing education degrees earned and complete employment history.
- Copies of transcripts from **all** colleges attended where degrees were conferred. Degree(s) must be posted on transcripts. Official copies will be required if employed with the institution.

All applicants are **required** to apply on-line for job opportunities. To apply on-line, go to http://www.coastalalabama.edu/employment/ click on the job title you are interested in and then click on the "Apply" link. If this is the first time you are applying using our on-line job application, you will need to create an account and select a Username and Password.

Applicants must meet the minimum qualifications as indicated in this vacancy announcement and must submit a completed application packet in order to be considered for an open position. Only completed applications received during the period of this vacancy announcement will be considered.

**Please Note:**

- It is recommended that you have digital (PDF) copies of your resume and unofficial and/or official transcripts. You will be required to upload this during the application process.
- You must submit three professional references' contact information while you are completing the application for employment.
- We do not accept paper, faxed or emailed applications and application materials.
- You may not put "see resume" on any section of the application form.
- Please ensure that uploads are not behind a paywall or a password-protected area. The screening committee may disqualify your application packet if required uploads are inaccessible.

| Job Description | Benefits | Supplemental Questions |
| --- | --- | --- |

- When you finish the steps to apply to a job, you will receive an on-screen notice that you've successfully applied. However, this notice does not mean your application materials are complete.
- **Correspondence regarding positions (i.e. scheduled interview appointment, position filled announcement) will be sent to applicants through the e-mail address used on the applicants' NEOGOV accounts. Applicants are required to monitor their e-mail accounts for updates regarding positions.**
- Incomplete application packets will eliminate the possibility of an interview. It is the sole responsibility of the applicant to ensure his or her application packet is complete.

**APPLICATION DEADLINE:**
Applications should be submitted no later than <u>11:59 p.m. CST on Wednesday, November 6, 2019,</u> and will only be accepted through the <u>online</u> application process.
Applicants who fail to submit a completed application packet will be disqualified.

**INTERVIEW PROCESS:**
The President will appoint a Screening and Interview Committee to include representatives of the College faculty and staff. This committee will employ appropriate procedures, including the review of application packets, interview, and demonstration of competency, to determine which applicants are to be recommended to the President for further consideration. From all the applications received, a screening committee will select the applicants to be interviewed. All initial interviews will be conducted in person and applicants must travel at their own expense.

**ADDITIONAL INFORMATION:**
Coastal Alabama Community College is an equal opportunity employer. It is the policy of the Alabama Community College System, including all postsecondary community and technical colleges under the control of the Alabama Community College System Board of Trustees, that no employee or applicant for employment or promotion, shall be discriminated against on the basis of any impermissible criterion or characteristic including, without limitation, race, color, national origin, religion, marital status, disability, sex, age or any other protected class as defined by federal and state law.

It is College policy to provide equal opportunity for employment and advancement to all applicants and employees as required by appropriate federal and state law.

Coastal Alabama Community College will make reasonable accommodations for qualified disabled applicants or employees. Applicants in need of an accommodation(s), should contact the Human Resources Office prior to the interview.

Coastal Alabama Community College reserves the right to withdraw this job announcement at any time prior to the awarding.

The College reserves the right not to fill the positions in the event of budgetary or operational constraints.

Coastal Alabama Community College is a multi-campus organization and employees of the College may be assigned to work at any of the College worksites, may be required to travel among various work sites for both day, evening, and weekend responsibilities, and must provide their own mode of transportation.

Coastal Alabama Community College is an active participant in the Employment Eligibility Verification Program (E-verify). E-verify electronically confirms an employee's eligibility to work in the United States as required by the Department of Homeland Security.

In accordance with Alabama Community College System policy and procedures, the applicant chosen for employment will be required to sign a consent form for a criminal background check. Employment will be contingent upon the receipt of a clearance notification from the criminal background check.

Applicants must adhere to the College's prescribed interview schedule and must travel at their own expense.

COASTAL ALABAMA COMMUNITY COLLEGE

1900 Highway 31 South
Bay Minette, Alabama 36507
800-381-3722 (Toll Free)
Maps & Direction

https://agency.governmentjobs.com/coastalalabama/default.cfm?action=viewJob&jobID=2610843&hit_count=yes&headerFooter=1&promo=1&transfer...    5/6

The Americans With Disabilities Act (ADA) Policy

American Recovery & Reinvestment Act of 2009

Students

Athletics

Employment

Bid Information

Business Office

Bid Information



Financial Operation Data - Click here to view the College's financial disclosures.

COPIES OF ALL MATERIALS ARE AVAILABLE IN LARGE TYPE UPON REQUEST. ALSO, THE CONTENT OF THIS WEBSITE WILL BE READ TO ANY PERSON MAKING THE REQUEST.

Employment - Coastal Alabama Community College

STUDENT LOGIN     FACULTY/STAFF LOGIN     ACCESSIBILITY     CONTACT        Search

Programs    Admissions    Financial Aid    About    Registration    Tuition    Students    Athletics

# Employment

**Employment**

**Applicant Login**

**Full-Time Faculty Positions**

**Staff/Support Positions**

**Adjunct/Part-Time Faculty Positions**

**Job Interest Cards**

## Staff/Support Positions

powered by
**NEOGOV**

| Job Title: | Human Resources Manager |
|---|---|
| Opening Date/Time: | Wed. 10/23/19 12:00 AM Central Time |
| Closing Date/Time: | Wed. 11/06/19 11:59 PM Central Time |
| Salary: | See Position Description |
| Job Type: | Full-Time |
| Location: | Bay Minette, Alabama |
| Department: | Coastal Alabama Community College |

**Print Job Information | Apply**

| **Job Description** | Benefits | Supplemental Questions |
|---|---|---|

This employee works under the supervision of the Human Resources division supervisor to accomplish the goals and tasks of the department and Coastal Alabama Community College. The Human Resources Manager provides information and assistance to College employees and the general public regarding human resources activities, prepares various correspondence and memoranda, coordinates activities related to area of assignment, and performs a variety of tasks requiring specialized knowledge related to human resources specific areas.

At a minimum, the essential functions of the Human Resources Manager shall include:

**Departmental Operations:**

- Maintains confidentiality of the Human Resources office at all times.
- Supervise the day-to-day operations of the Human Resources office.
- Advises the Human Resources division supervisor of any potential Human Resources problems or irregularities and provides assistance with resolution.
- Advises the Human Resources division supervisor on personnel procedures and staffing issues.
- Oversees the creation and maintenance of search and employee files.
- Reviews monthly reports regarding discrepancies and alters human resources division supervisor and advises the human resources division supervisor of issues identified.
- Support employee development by enhancing job satisfaction.
- Implement onboarding procedures and human resources strategies that support the College's overall employment needs.
- Oversees the onboarding process to ensure screening, scheduling and new hire interviews are conducted in compliance with College policy.
- Assists with employee counseling, corrective action, performance reviews, and terminations.
- Develops and implements human resources policies and procedures to ensure compliance with laws and regulations.

| Job Description | Benefits | Supplemental Questions |

- Responsible for foreseeing staffing, maintaining employee records and overseeing overall employment needs.
- Oversees the processing of all full-time and part-time employee hiring and application processes.
- Oversees the performance evaluation process ensuring compliance with the College's and Alabama Community College System policies.
- Oversees the development of professional development activities for the human resources division.
- Oversees the creation of learning materials and hand-outs for human resources.
- Represents the Human Resources division at all Coastal Community College campuses.
- Maintains a broad-based knowledge of Human Resources.
- Oversees the creation and issuance of Letters of Appointment.
- Serves on College committees as needed.
- Attends professional development seminars, workshops and trainings to stay abreast of best practices in the field of Human Resources.
- Drives to attend meetings and perform job duties at required locations.
- Oversees the search process for hiring in compliance with College policy.
- Oversees FMLA paperwork processing and document collection for the division.
- Maintains and updates the College's Policies and Procedures Manual.
- Maintains and updates the College's organizational charts.
- Oversees the maintenance and updating of the College's telephone directory.

**Orientation:**
Assists in performing division functions related to the orientation of new employees:

- Oversees the process of informing new employees of requirements and scheduling of orientation to the College.
- Oversees new employee orientations to ensure employees are knowledgeable of current practices/administrative processes and are in receipt of required federal/state training, in the absence of the Human Resources division supervisor.
- Oversees the completion of new employee paperwork.
- Oversees orienting new employees' acclimation to the College.

**Employee Records and Reports:**
Oversees the maintenance, updating and verification of accuracy of employee personnel files and records.

- Oversees the creation of new employee physical files.
- Oversees the completion of new hire reporting through the Industrial Relations, entering and processing of I-9 information into the E-verify system.
- Oversees the verification of Selective Service.
- Oversees the processing of background checks.
- Oversees the employee payroll contract calculations and data entries into the AS400 data system.
- Oversees employee completion of federal and state required training.
- Oversees the scanning of all paper documents into electronic employee record.
- Oversees the maintenance of reports of annual Evaluations and Letters of Appointment for all employees.
- Oversee the year-end processes for pulling inactive personnel files and ensuring files have been properly processed out.
- Oversees the verification of credentialing processes.

**Employee Exit Procedures:**

- Oversees the employee exit process.  Corresponds with employees to provide exit interview paperwork.
- Reconciles, authenticate and report accurate information for payout purposes.
- Communicates with payroll and supervisors to send and receive appropriate information in association with leave processing and reconciliation.
- Communicates with Information Technology Services (ITS) to disable security access.
- Oversees the inactivation and archive of all personnel records (i.e. FMLA, I-9, etc.)

Employment - Coastal Alabama Community College

| Job Description | Benefits | Supplemental Questions |

**Tuition Waivers:**

- Manages the processing of employee eligibility for tuition waivers.
- Works with Financial Aid to confirm employee eligibility for a tuition waiver to include years of service, full-time status, repeat courses, GPA, and submission of all appropriate documentation.
- Communicates with the appropriate Dean and President to apply waivers.
- Provides assistance to Financial Aid and Business Office to ensure waivers are accurately applied.
- Notifies employees and/or dependents of waiver process status.
- Distributes approved waivers to appropriate college participating in the Alabama Community College System tuition waiver program.

**SALARY:** Appropriate placement on the Alabama Community College System Salary Schedule **C3**

**Qualifications:**

**REQUIRED QUALIFICATIONS:**
**Interviews can only be extended to applicants who meet the minimum qualifications and who complete the application process.** The following are the minimum **required qualifications** for this position:

- Bachelor's degree in Business Administration or Human Resources from a regionally accredited college or university **is required.**
- Minimum of five (5) years of recent full-time work experience in human resources practices, procedures, and legal processes **is required.**
- Minimum of five (5) years of recent full-time supervisory experience in human resources, office management or administration **is required.**
- Ability to perform tasks requiring judgment and confidentiality independently **is required.**
- Ability to maintain high level of confidentiality and work with highly sensitive data and information **is required.**
- Strong knowledge and experience in current employment laws, including FMLA, FLSA, EEOC and ADA laws and ability to integrate that knowledge into current policies and procedures **is required.**

**PREFERRED QUALIFICATIONS**
The following are the **preferred qualifications** for this position:

- PHR or SPHR Certification **is preferred.**
- Budget management experience **is preferred.**
- Strong employee relations skills **are preferred.**
- Previous work in a postsecondary educational setting **is preferred.**
- Strong computer application skills, including MS Word, Excel, PowerPoint **are preferred.**

**Desired Profile:**

Preference is given to candidates who can demonstrate through their experiences and accomplishments:

- An understanding of and commitment to the philosophy and mission of a comprehensive community college.
- Commitment to working with a wide variety of individuals with diverse computer skills.

**Application Procedures:**

**APPLICATION PROCEDURES:**
A complete application packet consists of the following:

- A completed <u>online</u> application form.
- A <u>signed</u> cover letter describing specifically how your experience and qualifications meet the minimum requirements.

Employment - Coastal Alabama Community College

| Job Description | Benefits | Supplemental Questions |

- Three (3) professional references with addresses and phone numbers.
- Current resume' showing education degrees earned and complete employment history.
- Copies of transcripts from **all** colleges attended where degrees were conferred. Degree(s) must be posted on transcripts.  Official copies will be required if employed with the institution.

All applicants are **required** to apply on-line for job opportunities. To apply on-line, go to http://www.coastalalabama.edu/employment/ click on the job title you are interested in and then click on the "Apply" link. If this is the first time you are applying using our on-line job application, you will need to create an account and select a Username and Password.

Applicants must meet the minimum qualifications as indicated in this vacancy announcement and must submit a completed application packet in order to be considered for an open position.  Only completed applications received during the period of this vacancy announcement will be considered.

**Please Note:**

- It is recommended that you have digital (PDF) copies of your resume and unofficial and/or official transcripts. You will be required to upload this during the application process.
- You must submit three professional references' contact information while you are completing the application for employment.
- We do not accept paper, faxed or emailed applications and application materials.
- You may not put "see resume" on any section of the application form.
- Please ensure that uploads are not behind a paywall or a password-protected area.  The screening committee may disqualify your application packet if required uploads are inaccessible.
- When you finish the steps to apply to a job, you will receive an on-screen notice that you've successfully applied. However, this notice does not mean your application materials are complete.
- **Correspondence regarding positions (i.e. scheduled interview appointment, position filled announcement) will be sent to applicants through the e-mail address used on the applicants' NEOGOV accounts. Applicants are required to monitor their e-mail accounts for updates regarding positions.**
- Incomplete application packets will eliminate the possibility of an interview.  It is the sole responsibility of the applicant to ensure his or her application packet is complete.

**APPLICATION DEADLINE:**
Applications should be submitted no later than 11:59 p.m. CST on Wednesday, November 6, 2019, and will only be accepted through the online application process.
Applicants who fail to submit a completed application packet will be disqualified.

**INTERVIEW PROCESS:**
The President will appoint a Screening and Interview Committee to include representatives of the College faculty and staff. This committee will employ appropriate procedures, including the review of application packets, interview, and demonstration of competency, to determine which applicants are to be recommended to the President for further consideration. From all the applications received, a screening committee will select the applicants to be interviewed. All initial interviews will be conducted in person and applicants must travel at their own expense.

**ADDITIONAL INFORMATION:**
Coastal Alabama Community College is an equal opportunity employer.  It is the policy of the Alabama Community College System, including all postsecondary community and technical colleges under the control of the Alabama Community College System Board of Trustees, that no employee or applicant for employment or promotion, shall be discriminated against on the basis of any impermissible criterion or characteristic including, without limitation, race, color, national origin, religion, marital status, disability, sex, age or any other protected class as defined by federal and state law.

It is College policy to provide equal opportunity for employment and advancement to all applicants and employees as required by appropriate federal and state law.

Coastal Alabama Community College will make reasonable accommodations for qualified disabled applicants or employees. Applicants in need of an accommodation(s), should contact the Human Resources Office prior to the interview.

Coastal Alabama Community College reserves the right to withdraw this job announcement at any time prior to the awarding.

The College reserves the right not to fill the positions in the event of budgetary or operational constraints.

**Job Description**    Benefits    Supplemental Questions

Coastal Alabama Community College is a multi-campus organization and employees of the College may be assigned to work at any of the College worksites, may be required to travel among various work sites for both day, evening, and weekend responsibilities, and must provide their own mode of transportation.

Coastal Alabama Community College is an active participant in the Employment Eligibility Verification Program (E-verify). E-verify electronically confirms an employee's eligibility to work in the United States as required by the Department of Homeland Security.

In accordance with Alabama Community College System policy and procedures, the applicant chosen for employment will be required to sign a consent form for a criminal background check. Employment will be contingent upon the receipt of a clearance notification from the criminal background check.

Applicants must adhere to the College's prescribed interview schedule and must travel at their own expense.

## COASTAL ALABAMA COMMUNITY COLLEGE

1900 Highway 31 South
Bay Minette, Alabama 36507
800-381-3722 (Toll-Free)
Maps & Direction

Copyright 2016 Coastal Alabama Community College.

All Rights Reserved.

The Americans With Disabilities Act (ADA) Policy

American Recovery & Reinvestment Act of 2009

| | | |
|---|---|---|
| Home | Library | Calendar of Events |
| Programs | Life on Campus | News Room |
| Admissions | Weather Policy | Photo Galleries |
| Financial Aid | Student Support Services | Site Map |
| About | Registrar | |
| Registration | WorkKeys | |
| Tuition | Employment | |
| Students | Bid Information | |
| Athletics | | |
| Employment | | |
| Bid Information | | |
| Business Office | | |

 

Financial Operation Data - Click here to view the College's financial disclosures.

COPIES OF ALL MATERIALS ARE AVAILABLE IN LARGE TYPE UPON REQUEST. ALSO, THE CONTENT OF THIS WEBSITE WILL BE READ TO ANY PERSON MAKING THE REQUEST

Posted Date: November 18, 2019
Closing Date: December 2, 2019



# COASTAL ALABAMA COMMUNITY COLLEGE
## VACANCY ANNOUNCEMENT

# Dean of Human Resources and Employee Relations

**STARTING DATE:**  As soon as possible

**REQUIRED QUALIFICATIONS:**  **Interviews can only be extended to applicants who meet the minimum qualifications and who complete the application process.** The following are the minimum **required qualifications** for this position:

- Master's degree from a regionally accredited institution **is required**.
- Five (5) years full-time experience in human resource management, professional development, or policy development and interpretation **is required**.
- Demonstrated knowledge of and ability to interpret federal and state non-discrimination laws and regulations, including Title IX, sexual harassment and other applicable laws and regulations **is required** as is experience in complaint resolution, investigations and grievances.

**PREFERRED QUALIFICATIONS:**  The following are the **preferred qualifications** for this position:

- Knowledge of sexual harassment/sexual violence grievance procedures in a higher education setting **is preferred**.
- Experience with investigating problems such as working conditions, disciplinary actions, and employee and applicant appeals and grievances **is preferred**.
- Responsibilities for policy development and implementation, along with interpretation of College policies **is preferred**.
- Demonstrated effectiveness as a culturally competent professional with broad experience seeking and supporting a qualified, diverse workforce **is preferred**.
- Successful experience working within a Human Resources Office at an institution of higher education or comparable setting of appropriate scale and complexity **is preferred**.

**ESSENTIAL FUNCTIONS:**  Under the general direction of the President, this position has broad responsibility for developing, reviewing, and maintaining campus policies and procedures that support effective human resources management and foster ongoing organizational development and an innovative, engaged, workforce. The Dean of Human Resources and Employee Relations is responsible for coordinating the College's efforts to comply with the laws that prohibit unlawful discrimination, including Title IX, the Violence Against Women Act (VAWA), Campus Sexual Violence Elimination Act (SaVE Act), and other related federal and state discrimination laws and guidance documents.

1

The Dean of Human Resources and Employee Relations is responsible to the President for planning organizing and administering a comprehensive program of personnel services. The Dean of Human Resources and Employee Relations performs all other duties as directed by the President.

At a minimum, the essential functions of the Dean of Human Resources and Employee Relations shall include:

- Serving as the Chief Human Resources Officer for the College.
- Maintaining confidentiality of human resources files, records, and functions as appropriate.
- Ensuring human resources staff observe confidentiality as appropriate.
- Providing leadership, direction and supervision for all human resources, the general personnel program administration, classification on management, employee recruitment and selection processes, employer/employee relations.
- Providing oversight and supervision for the human resources division staff.
- Ensuring compliance with equal employment opportunity and all related federal and state compliance expectations.
- Coordinating, facilitating, and supervising the College's grievance and discrimination complaint processes.
- Developing and implementing effective human resources policies and procedures. Advising the President on policy issues, litigation, and compliance issues.
- Promoting the principle of diversity in employee recruitment, retention, and advancement practices.
- Fostering and advancing diversity through hiring pools, outreach activities, and professional development.
- Mediating employee grievances, representing the College in grievance hearings, directing disciplinary actions; facilitating supervisor/employee relation problems. Receiving, investigating, and seeking to resolve employee complaints or unlawful discrimination and harassment.
- Developing and facilitating faculty and staff development and training activities, i.e., Title IX, Ethics, Clery, VAWA, Campus SaVE Act, including employee orientation programs and mentorships.
- Serving as or designating a chairperson of the E Salary Schedule Committee to review requests for advancement on the salary schedule.
- Participating in professional organizations and maintaining a level of understanding of current ideas, research, and practices related to the areas of responsibility for this position;
- Participating in local and state activities to promote the College.
- Accountable for limiting the College's legal liability regarding administration changes and employment litigation.
- Providing on-going coaching and counseling to both employees and supervisors regarding workplace issues, disputes, and grievances.

- The Chief of Human Resources, in accordance with ACT No. 2011-270, Students First Act of 2011, serves as the Senior Personnel Officer.
- Serving as legal researcher and advisor to the President concerning personnel claims involving the College.
- Serving as the institutional respondent for court-related information and federal and state reporting.
- Overseeing and maintaining a pool of qualified applicants, especially qualified minority applicants.
- Supervising and monitoring personnel actions related to promotion , transfer, employment, grievance, reprimand , suspension, and termination.
- Overseeing, implementing, and maintaining a job classification system for support personnel.
- Working closely with the President on screening committees and in making final selections for all announced vacancies.
- Responsible for ensuring proper maintaining of all paperwork involved with the personnel aspect of employee evaluation.
- Responsible for ensuring proper maintenance of ethics training certifications.
- Overseeing and conducting criminal background checks.
- Overseeing the creation and maintenance of personnel files for each employee of Coastal Alabama Community College.
- Overseeing and maintaining an updated job description on each employee.
- Overseeing and ensuring access to all personnel files is made available to appropriate administrators.
- Overseeing the employment process for each vacancy at Coastal  Alabama Community College.
- Ensuring Human Resources personnel serves as Chairperson of the Recruitment and Selection Committee to review recruitment procedures of the College and make recommendations to the President.
- Overseeing the search process for job advertisements for the College.
- Overseeing and directing the creation of a file on each position filled and maintaining, for at least one year, the applications, resumes, and transcripts of each applicant not selected for employment.
- Overseeing and maintaining records as established by the Records Disposition Authority (RDA) that was established in 2002 by the Department of Archives and History for the Alabama Community College System.
- Serving on and providing information to college committees as needed.
- Overseeing annual revising and preparing of College Policies and Procedures Manual.
- Serving as compliance officer for sexual harassment grievances.
- Ensuring compliance with the Violence Against Women Act (VAWA) and Campus Sexual Violence Elimination Act (SaVE Act)
- Overseeing and administering an annual budget for the Human Resources Department.

3

- Consulting with college supervisors when needed concerning staffing and personnel questions.
- Participating in the administration and planning process of the College.
- Overseeing the compliance/grievance officer and the governing process.
- Working closely with the Business Office to ensure timely and accurate information processing.
- Overseeing and maintaining the security and confidentiality of all personnel information, files, and documents.
- Maintaining and regularly updating the College's sexual misconduct and harassment/discrimination policies to ensure current best practices and compliance with federal law.
- Serving on the Administrative  Affairs Committee and other committees as determined by the President of the college.
- Maintaining a highly professional attitude and demeanor at all times.
- Exhibiting appropriate and satisfactory leadership within the College.
- Complying with ACCS and College policies, as well as state and federal laws.
- Providing responsible, adequate, and satisfactory leadership on the campus and within the College.
- Demonstrating excellent leadership traits and skills in all aspects of the position.
- Communicating positively and professionally in all aspects of the position.
- Ensuring the positive promotion of the College and integration of all campuses within the College.
- Performs other duties as required.

**SALARY:**  Appropriate placement on the Alabama Community College System Salary Schedule **B**

**APPLICATION PROCEDURES:**  A complete application packet consists of the following:

- A completed **online** application form.
- A **signed** cover letter describing specifically how your experience and qualifications meet the minimum requirements.
- Three (3) professional references with addresses and phone numbers.
- Current resume' showing education degrees earned and complete employment history.
- Copies of transcripts from **all** colleges attended where degrees were conferred. Degree(s) must be posted on transcripts.  Official copies will be required if employed with the institution.

All applicants are **required** to apply on-line for job opportunities. To apply on-line, go to http://www.coastalalabama.edu/employment/ click on the job title you are interested in and then click on the "Apply" link.  If this is the first time you are applying using our on-line job application, you will need to create an account and select a Username and Password.

Applicants must meet the minimum qualifications as indicated in this vacancy announcement and must submit a completed application packet in order to be considered for an open position.  Only completed applications received during the period of this vacancy announcement will be considered.

**Please Note:**

- It is recommended that you have digital (PDF) copies of your resume and unofficial and/or official transcripts. You will be required to upload this during the application process.
- You must submit three professional references' contact information while you are completing the application for employment.
- We do not accept paper, faxed or emailed applications and application materials.
- You may not put "see resume" on any section of the application form.
- Please ensure that uploads are not behind a paywall or a password-protected area. The screening committee may disqualify your application packet if required uploads are inaccessible.
- When you finish the steps to apply to a job, you will receive an on-screen notice that you've successfully applied. However, this notice does not mean your application materials are complete.
- **Correspondence regarding positions (i.e. scheduled interview appointment, position filled announcement) will be sent to applicants through the e-mail address used on the applicants' NEOGOV accounts. Applicants are required to monitor their e-mail accounts for updates regarding positions.**
- Incomplete application packets will eliminate the possibility of an interview. It is the sole responsibility of the applicant to ensure his or her application packet is complete.

**APPLICATION DEADLINE:**

Applications should be submitted no later than **11:59 p.m. CST on Monday, December 2, 2019,** and will only be accepted through the **online** application process.

Applicants who fail to submit a completed application packet will be disqualified.

**INTERVIEW PROCESS:**

The President will appoint a Screening and Interview Committee to include representatives of the College faculty and staff. This committee will employ appropriate procedures, including the review of application packets, interview, and demonstration of competency, to determine which applicants are to be recommended to the President for further consideration. From all the applications received, a screening committee will select the applicants to be interviewed. All initial interviews will be conducted in person and applicants must travel at their own expense.

**ADDITIONAL INFORMATION:**

Coastal Alabama Community College is an equal opportunity employer. It is the policy of the Alabama Community College System, including all postsecondary community and technical colleges under the control of the Alabama Community College System Board of Trustees, that no employee or applicant for employment or promotion, shall be discriminated against on the basis of any impermissible criterion or characteristic including, without limitation, race, color, national origin, religion, marital status, disability, sex, age or any other protected class as defined by federal and state law.

It is College policy to provide equal opportunity for employment and advancement to all applicants and employees as required by appropriate federal and state law.

Coastal Alabama Community College will make reasonable accommodations for qualified disabled applicants or employees. Applicants in need of an accommodation(s), should contact the Human Resources Office prior to the interview.

Coastal Alabama Community College reserves the right to withdraw this job announcement at any time prior to the awarding.

The College reserves the right not to fill the positions in the event of budgetary or operational constraints.

Coastal Alabama Community College is a multi-campus organization and employees of the College may be assigned to work at any of the College worksites, may be required to travel among various work sites for both day, evening, and weekend responsibilities, and must provide their own mode of transportation.

Coastal Alabama Community College is an active participant in the Employment Eligibility Verification Program (E-verify). E-verify electronically confirms an employee's eligibility to work in the United States as required by the Department of Homeland Security.

In accordance with Alabama Community College System policy and procedures, the applicant chosen for employment will be required to sign a consent form for a criminal background check. Employment will be contingent upon the receipt of a clearance notification from the criminal background check.

Applicants must adhere to the College's prescribed interview schedule and must travel at their own expense.